### IN THE

# *Supreme Court of Errors*

#### OF THE

## STATE OF CONNECTICUT,

##### IN NOVEMBER TERM, 1818.

∷∷ ⊕ ∷∷

### THE MARLBOROUGH MANUFACTURING COMPANY *against* SMITH.

THIS was an action of *assumpsit*, brought by the *Marlborough Manufacturing Company*, to recover of the defendant, as a member of the company, and a proprietor of one share of the stock thereof, the sum of 300 dollars, being the amount of an assessment upon each share, laid by the directors, at a meeting held at *Marlborough*, on the 11th of *December*, 1816. The charter of the company, granted at a special session of the General Assembly, in *January*, 1815, was set forth in the declaration. One section provided, that the capital stock should be considered as personal estate, and be transferable, scribe; and a by-law, established by the directors, provided, that transfers of stock should be made, by assignment, in the treasurer's book, either in person, or by authorized attorney; it was held, that to render a transfer valid, so as to constitute the assignee a stockholder, there must be a written assignment, on the treasurer's book, subscribed by the assignor, or his authorized attorney; a mere entry of credit, to the assignee, on the treasurer's book, for the amount of the stock, being insufficient.

The general powers, given, by the charter of a manufacturing company, to the directors, to manage the stock, property and affairs of the corporation, do not enable them to apply to the legislature for an enlargement of the company's powers; and a resolve, passed on such application, without any authority from the company, is void.

Where power is granted, by the legislature, to an incorporated company, to raise a fund in addition to their capital stock, by assessment upon the stockholders, such power can be exercised by the stockholders only, at a proper meeting.

*Where the act incorporating a manufacturing company, provided that the shares of stock should be transferable only on the books of the company, in such form as the directors should pre-*

*New-Haven,*
*November,*
*1818.*

The
Marlborough
Manufactur-
ing Company
*v.*
Smith.

only on the books of the company, in such form as the directors should prescribe. Another section provided, that the stock, property and affairs of the corporation should be managed by not less than three, nor more than seven directors, one of whom they should appoint their president, who should be stockholders, and should hold their offices for one year ; and that a majority of the directors, should, on all occasions, constitute a board for the transaction of business. A further section provided, that the president and directors for the time being, or a major part of them, should have power to appoint and employ, from time to time, a secretary, treasurer, and such other officers, mechanics, workmen, artificers, labourers and servants as they might think proper, for the transaction of the business and concerns of the company ; and also, to make and establish such by-laws, rules and regulations as they should think expedient, for the better management of the concerns of the company. A clause at the end, reserved to the General Assembly, the right, at any time, to alter, amend or rescind the grant. The declaration also stated an additional resolve of the General Assembly, passed in *October,* 1816, which was as follows : " Resolved, that the *Marlborough Manufacturing Company* shall have the power of assessing the stockholders of the said corporation, in proportion to their number of shares, respectively, such sums as shall be found necessary to pay and discharge all the just debts of the said corporation, giving such notice thereof as the by-laws and regulations of said company shall prescribe ; and in case any stockholder, or stockholders, shall refuse or neglect payment of such assessment, for thirty days after the same shall have become due and payable, and after he, or they, shall have been notified thereof, such negligent stockholder, or stockholders, shall forfeit to said company, all his or their previous right and interest whatever in said company ; and the said corporation, on the refusal or neglect as aforesaid, of any stockholder to pay said assessment, are empowered to bring any proper action for the recovery of the same."

The cause was tried at *Hartford, September* term, 1818, before *Swift,* Ch. J. and *Brainard* and *Chapman,* Js.

On the trial, the plaintiffs proved the charter of the company, and the subsequent resolve of the legislature. It ap-

peared, that the latter was procured, on an application by the directors, in the name of the company, without any vote of the stockholders, authorizing it. The requisite amount of stock was taken up; the company went into operation; and became insolvent. The share, No. 31. of the stock, was originally taken up by *Davis Norton,* and has passed, by several successive transfers, (taking them to be effective) to the defendant. A by-law of the company, regularly made and established, required, that all transfers of stock should be made by assignment on the treasurer's book, either in person, or by authorized attorney, on surrender of the certificate granted for the stock, and a new certificate being granted by the treasurer; which by-law has never been formally repealed. No assignment on the treasurer's book was made, either by *Norton,* or by any of the subsequent holders of the share in question; but the amount of the share was credited, on the treasurer's book, to each of the successive holders, and particularly to the defendant. No certificates of ownership have been issued, except to the original subscribers; and none of these have since been surrendered, or called for. The assessment stated in the declaration was made by the directors of the company, at a regular meeting; and due notice thereof was given to the defendant. Upon these facts, the court charged the jury, that the plaintiffs could not recover. A verdict being found for the defendant, the plaintiffs moved for a new trial, on the ground of a misdirection; and the court reserved the motion.

*T. S. Williams* and *W. W. Ellsworth,* in support of the motion, contended, 1. That the defendant was a member of the company. He was the legal holder of one share, unless the mode of transfer was such that he could thereby acquire no title. The charter and by-laws require, that the transfer be made *in the treasurer's book;* that it be made *in person,* or, *by authorized attorney;* and that *the old certificate be surrendered up.* These requisites have been complied with, except the last. It appears from the treasurer's book, that a transfer has been made. This is sufficient. It was not necessary, that a formal instrument of conveyance should be executed by the seller, and be entered on the treasurer's book. The transfer will be presumed to have been duly au-

*New-Haven,*
November,
1818.

The
Marlborough
Manufactur-
ing Company
*v.*
Smith.

The
Marlborough
Manufactur-
ing Company
*v.*
Smith.

*thorized,* until the contrary be shewn.   As to the third requisite, a strict compliance was not necessary, for these reasons. First, the by-law, in this respect, transcends the charter, and is, therefore, void.   Secondly, it has never been regarded in practice.   The board who made it, having full power to alter or controul it, have uniformly dispensed with it. This is equivalent to a repeal.   At any rate, it must operate as a repeal in the particular case, in which the by-law is so dispensed with.   Thirdly, if the provisions of the by-law were placed on as high ground as the charter, a course of practice, departing from such provisions, would bind the company.   *Bulkley & al.* v. *The Derby Fishing Company,* 2 *Conn. Rep.* 252.   If the company is bound, so that the defendant can claim his rights as a member, he must discharge the obligations, which he is under, in that capacity.

2. That the additional resolve of the General Assembly was binding upon the company.   First, the board of directors, by virtue of their general powers, were authorized to apply for this resolve.   They were entrusted with the whole management of the concerns of the company.   Secondly, no application from the company was necessary, in order to render the resolve binding.   It was a grant of additional powers to the company ; and might have been made by the legislature *ex mero motu.*

3. That the directors were the proper persons to carry into effect the additional resolve, by making the assessment. This power was, not like the power of choosing directors, given to the *stockholders,* but to the *company.*   Now, as the company, in their collective capacity, can never act, they must exercise their powers, by the board of directors, who are constituted their representatives for this purpose.   *Union Turnpike Company* v. *Jenkins,* 1 *Caines* 381. 391.   These powers are within that clause of the charter, which subjects " the stock, property and affairs of the corporation" to the management of the directors.

*Edwards,* contra, insisted, 1. That the defendant was not a stockholder.   There was no assignment of the stock, by the original owner, or his authorized attorney ; and if there was, it was essentially defective, in not being entered on the treasurer's book.   This was required, both by the charter, and the by-law.   An *item of credit* in the treasurer's stock-

account, is clearly not an assignment on his book. The surrender of the old certificate, and the granting of a new one, were substantive parts of the transfer. The failure of the parties concerned to conform to the by-law, did not repeal it.

2. That the additional resolve, going to affect the rights of the stockholders in their individual capacities, and in relation to property not belonging to the company ; and being passed on the mere application of the directors, not only without authority from, but without notice to, the stockholders ; was not binding on them.

3. That the powers, specified in the additional resolve, were given to the *corporation*, and could be exercised only in pursuance of a vote of the stockholders, at a regular meeting. The powers given to the directors, by the charter, relate only to the original stock.

SWIFT, Ch. J. The act incorporating the *Marlborough Manufacturing Company*, provides, that the shares of the stockholders may be transferred on the books of the company, in such manner as the directors may prescribe. The by-law provides, that transfers of stock shall be made, by assignment, in the treasurer's book, either in person, or by authorized attorney, on surrender of the certificate granted for the stock, and a new certificate being granted by the treasurer. Though the form of the assignment, is not pointed out, yet the by-law, on its fair construction, requires, that there must be a written assignment on the treasurer's book, subscribed by the assignor, or his authorized attorney, to constitute a transfer of the stock. In this case, no such assignment is made on the treasurer's book, but merely an entry of credit to the defendant, of the share in question. This is no compliance with the by-law, and does not transfer the share to the defendant so as to constitute him a member of the company. Whether such acts were done by the directors as would have given the defendant a claim on the company for the dividends of the share, if the business had been profitable, is a very different question, not necessary to be decided.

The directors had the management of the concerns of the company ; but this did not enable them to apply to the legislature for an increase of their powers. Such application could be made by the authority of the company only. The

*New-Haven,*
November,
1818.

The
Marlborough
Manufacturing Company
*v.*
Smith.

New-Haven,
November,
1818.

The
Marlborough
Manufactur-
ing Company
v.
Smith.

resolve of the Assembly, giving power to the company to assess the stockholders, was void, because the application was made by the directors only, without any authority from the company.

But if the power had been given to the company, it could only have been exercised by the stockholders at a proper meeting. As the assessment in question was made by the directors, without any authority from the company, it is void.

The other Judges were of the same opinion, except that TRUMBULL and CHAPMAN, Js. declined any decision as to the validity of the additional resolve.

New trial not to be granted.