COLEMAN *v.* SPENCER.

COLEMAN
v.
SPENCER.

Previously to the payment of the first instalment, a subscriber for stock in the state bank of *Indiana* possesses no right transferable under the charter of the bank; and after such payment, the stock acquired by it can only be disposed of by assignment on the bank books.

ERROR to the *Allen* Circuit Court.

DEWEY, J.—Trial of the right of property in certain bank stock. In *July*, 1835, one *M'Macken* became the subscriber for seventeen shares of stock in the branch bank at *Fort-Wayne.* The first instalment of the sum to be paid for the stock became payable on the 31st of *October* next thereafter, amounting to 318 dollars. *M'Macken*, being unable on that day to make the payment himself, executed an instrument in writing whereby he certified that he surrendered the seventeen shares of stock so by him subscribed for to *Spencer*, the defendant in error. On the same day, but whether before or after the execution of that instrument does not appear, *Spencer* paid to the proper persons the amount due, and took from them a receipt in the name of *M'Macken.* On the 27th of the same month *Coleman*, the plaintiff in error, caused an execution against *M'Macken* to issue from the office of the clerk of the Circuit Court of *Allen* county, which, on the 14th of *November*, was levied upon the seventeen shares of bank stock as the property of *M'Macken.* Proceedings on the execution were stayed by the claim of *Spencer* to the property, which was duly preferred before a justice of the peace on the 28th of *November.* On the 4th of *December*, *M'Macken* made a regular assignment of the stock to *Spencer* in the proper book at the branch bank, which did not go into operation until about the 25th of *November*, before which period there was no book in which the transfer could have been made. The cause was taken by appeal to the Circuit Court, by which, a jury being waived, the right of property was found to be in the claimant, *Spencer*, and final judgment rendered accordingly.

The only question presented for our consideration is, in whom was the legal ownership of the stock at the time it was attached by the execution—*M'Macken* or *Spencer ?*

Property in the form of stock in our state bank is entirely

*Thursday,*
*November* 21.

5 b 197
164 505

the creature of the charter establishing that institution, and must be governed, as to the manner of acquiring, holding, and transferring it, by the provisions of that instrument. The charter prescribes the mode of subscribing for stock in the several branches, and subjects the subscribers to a forfeiture of all right acquired by the subscription, if failure in the payment of the first instalment due for stock, at the time specified by the directors of the state bank, take place; but it contains no provision authorizing a transfer of the right gained by subscription. R. S. 1838, p. 107, 108. That right is nothing more than the privilege of becoming a stockholder upon the payment of the money due from a subscriber. It is the payment, and not the subscription, that makes the stock. The statute expressly enacts that stock "may be transferred on the books of the branch to be kept for that purpose, and not otherwise." R. S. 1838, p. 98.

Previous to the payment of the first instalment, *M'Macken* could convey no right to *Spencer*, because he possessed no right transferable by the statute; and after the payment, the stock acquired by it could only be disposed of by assignment upon the bank books. It follows that the attempt made by *M'Macken* on the 31st of *October*, to transfer the seventeen shares to *Spencer*, must be wholly inoperative.

As *M'Macken* could not assign the inchoate right acquired by his subscription, it is evident that the stock acquired by the payment of the first instalment, which was necessarily made in his name, was his property. Whatever claim *Spencer* may have upon *M'Macken* for the money advanced by him, he could acquire no right to the seventeen shares of bank stock, without a transfer of them in the manner prescribed by the statute. Before that was done, they were seized by virtue of the execution, and became liable to be sold to satisfy it.

Several cases analogous to this have arisen in *England* under the acts of parliament regulating the sale and transfer of ships, in which it has been decided that the legal property in vessels attempted to be transferred, did not pass in consequence of the omission of some statutory form, when under the same circumstances, the sale of other property would have been complete. Abbott on Shipp. 57, 58. 3 T. R. 406.

We think the Circuit Court erred in adjudging the bank stock to *Spencer*, the claimant.

*Per Curiam.*—The judgment is reversed, and the finding of the. Court as to the ownership of the property set aside, with costs. Cause remanded, &c.

C. W. *Ewing* and J. *Perry*, for the plaintiff.

H. *Cooper*, for the defendant.