RALPH H. ISHAM, Appellant, v. WILLIAM A. BUCKINGHAM, Respondent.

A corporation cannot avail itself of its own negligence as a basis of a cause of action against a stockholder. It may waive a performance of its own rules and is estopped by its acts and official declarations the same as a natural person. Where, therefore, a stockholder in a corporation, organized under the laws of the State of Connecticut, transferred his stock in good faith, which transfer was not made upon the books of the company, as is required by the statute of Connecticut (§§ 209, 212, chap. 14, Laws of Conn., revision of 1849) in order to pass the title (the company having no transfer book), and the certificate required by the statute to be filed and recorded in the town clerk's office, to make the transfer valid as to creditors, was not signed by the president and treasurer of the company, as required by its by-laws, but the same was recorded by the direction of the company, and the transfer was acquiesced in by it, and the transferee recognized as the owner. *Held*, that the original stockholder was not liable for unpaid calls upon the stock transferred, made subsequent to the transfer.

(Argued March 21, 1872; decided April 16, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of defendant entered upon the report of a referee.

Action to recover certain unpaid calls upon stock (subscribed for by defendant) of the Glenville Woolen Company, a corporation organized under the joint stock laws of the State of Connecticut.

On the 26th May, 1854, defendant subscribed for 400 shares of the stock of said company. In pursuance of calls he paid in fifty per cent. In October, 1854, he transferred in good faith, for a valuable consideration, 160 shares to John J. Ripley; the company recognized and acquiesced in such transfer, by causing a certificate thereof to be filed in the town clerk's office, under the laws of Connecticut, by crediting defendant upon the books of the company with the transfer, by entering the same upon its books to Ripley, and by issuing to defendant a certificate for 120 shares, retained by him (he having also, in the same manner, transferred 120 shares to another person). The company kept no transfer book, and said transfer was not entered; the certificate and transfer were not subscribed by the president and treasurer; after such transfer the company made further calls for the residue unpaid. The company assigned its claim for the unpaid calls, and through divers *mesne* assignments, it became vested in the plaintiff. Sections 209 and 212 of chap. 14, of the laws of Connecticut, revision of 1849, entitled " Of Joint Stock Corporations," are as follows:

"§ 209. The stock of every such corporation shall be deemed personal property, and be transferred only on the books of such corporation in such form as the directors shall prescribe, and such corporation shall at all times have a lien upon all the stock or property of its members, invested therein, for all debts due from them to such corporation.

"§ 212. Every such corporation shall annually, in the month of January or July, make a certificate, containing the amount of their capital actually paid in, the amount invested

in real estate and the amount invested in personal estate, the amount of their debts and credits, at the time of making such certificate, as nearly as the same can be ascertained, with the name of each stockholder and the number of shares held by him at the date of such certificate, which certificate shall be signed by the president and secretary of said company, and deposited with the town clerk of the town in which such corporation transact their business; and whenever any stockholder shall transfer his stock in any such corporation, a certificate of such transfer shall forthwith be deposited with the town clerk as aforesaid, who shall note the time of said deposit, and record it at full length in a book to be kept by him for that purpose, and no transfer of stock shall be valid, as against any creditor of such stockholder, until such certificate shall have been so deposited, and all certificates of transfers of stock, made pursuant to the provisions of this section, shall be valid, without being verified by the oath or affirmation of the person subscribing the same."

The referee directed judgment dismissing the complaint with costs. Judgment was entered accordingly.

*Henry Whittaker* for the appellant. Defendant was liable for all the calls upon stock subscribed for by him. (*Hartford and N. H. R. R. Co.* v. *Kennedy*, 12 Conn., 499 [526 to 529]; *Ward* v. *Griswoldville Manufacturing Co.*, 16 id., 593; *Mann* v. *Cooke*, 20 id., 178 [187]; *Danbury and Norwalk R. R. Co.* v. *Wilson*, 22 id., 435 [452]; *Northern R. R. Co.* v. *Miller*, 10 Barb., 262; *Lake Ontario, etc., R. R. Co.* v. *Mason*, 16 N. Y., 451; *Rensselaer and Washington Plank-road Co.* v. *Barten*, id., 474 [N.]; *Small* v. *Herkimer Manufacturing Co.*, 2 Comst., 330 [243]; *Seymour* v. *Sturgess*, 27 N. Y., 144, 145.) Defendant was bound to establish an actual transfer in law to Ripley to extinguish his liability. (*Schen. and Sara. R. R. Co.* v. *Thacher*, 1 Kern., 102, *vide* opinion, pp. 108, 113; see, also, *Mann* v. *Currie*, 2 Barb., 294; *Strong* v. *Place*, 33 How., 114.) There was no transfer upon the books of the company, as required by law; the

stock ledger does not satisfy defect. (*Marlborough M. Co.,* v. *Smith,* 2 Conn., 579.) The change of title is incomplete until the proper transfer. (*Marlborough Manufacturing Co.* v. *Smith,* 2 Conn., 579; *Northrop* v. *Newton and Bridgeport Turnpike Co.,* 3 id., 544; *Northrop* v. *Curtis,* 5 id., 247; *Oxford Turnpike Co.* v. *Bunnell,* 6 id., 552; *Stebbins* v. *Phœnix Fire Insurance Co.,* 3 Paige, 350; *Union Bk. of Georgetown* v. *Laird,* 2 Wheaton, 390; *Mechanics' Bank of New Haven* v. *N. Y. and New Haven Co.,* 3 Kern., 624, 625.) Where the issue of no fresh certificate is proved, the company has no remedy against the transferee. (*Seymour* v. *Sturgess,* 26 N. Y., 134; *Marlborough Manuf. Co.* v. *Smith,* 2 Conn., 579.) The contract was, in contemplation of law, fraudulent. (*Murray* v. *Clark,* 17 Mass., 330; *Middletown Bank* v. *Magill,* 5 Conn., 28 [70]; *Paine* v. *Stewart,* 33 id., 516; *Van Pelt* v. *McGraw,* 4 Conn., 110, 114; *Robinson* v. *Stewart,* 6 Seld., 189, 194.)

*Charles H. Wesson* for the respondent. If the stock had been transferred upon the books of the company, defendant would have been exempt from liability. (*H. and N. H. R. R.* v. *Kennedy,* 12 Conn. R., 499; *H. and N. H. R. R.* v. *Boorman,* 12 id., 530; *Seymour* v. *Sturgess,* 26 N. Y., 141; Angell and Ames on Corporations, § 534; *Brigham* v. *Mead,* 10 Allen 245.) Plaintiff, as assignee of the company, cannot avail himself of their neglect of duty. (*N. Y. and N. H. R. R.* v. *Schuyler,* 34 N. Y., 30; *Bridgeport Bank* v. *N. Y. and N. H. R. R. Co.,* 30 Conn., 233.) The provisions in regard to transfers are only for the benefit of the corporation. (*Com. Bank Buffalo* v. *Kortright,* 22 Wend., 348; *Bank of Utica* v. *Smalley,* 2 Cow., 770; *Kortright* v. *Buffalo Com. Bank,* 20 Wend., 91; *Gilbert* v. *Manchester Iron Co.,* 11 id., 627; *Cowles* v. *Cromwell,* 25 Barb., 413.) And they may be waived. (*Bulkeley* v. *Derby Fishing Co.,* 2 Conn., 252; *Buel* v. *Trustees Lockport, etc.,* 3 N. Y., 197: Hermann on Estoppels, §§ 539, 540; *Hoyt* v. *Thompson, Exr.,* 19 N. Y., 207.) If transfer is informal, the corporation having recog-

nized acts of ownership in transferee (*N. Y. and N. H. R. R.* v. *Schuyler*, 34 N. Y., 30; *Chambersburg Ins. Co.* v. *Smith*, 11 Penn. St., 120; *Sargent* v. *Essex Marine R. W. Co.*, 9 Pick., 202), there is nothing in the law of Connecticut that militates against these propositions. (*R. Manuf. Co.* v. *Prall*, 9 Conn., 487, 493; *M. Manuf. Co.* v. *Smith*, 2 id., 579; *Colt* v. *Ives*, 31 id., 25.) The acts of the company prevent denial of validity of transfer. (*Bulkeley* v. *Derby F. Co.*, 2 Conn., 252.) The recognition was by official acts of the company. (*N. Y. and N. H. R. R.* v. *Schuyler*, 34 N. Y., 30; *Bridgeport Bank* v. *N. Y. and N. H. R.*, 30 Conn., 233.)

CHURCH, Ch. J.    This action was brought to recover unpaid calls upon 160 shares, a portion of 400 shares of stock, subscribed by the defendant in the Glenville Woolen Company, a joint stock corporation, organized under the laws of Connecticut. The referee found that the defendant transferred the stock to one Ripley, after having paid fifty per cent of the amount upon previous calls; that such transfer was in good faith, and that the company acquiesced in the same and recognized Ripley as the owner of the stock. These findings of fact, if decisive of the case, are conclusive upon this court, as the evidence was sufficient to justify them.

It is not denied that a legal transfer under such circumstances will operate to release the vendor from personal liability, and substitute that of the purchaser, but it is claimed that this result cannot be accomplished unless the transfer is made in precise accordance with the provisions of the charter and the by-laws of the company. The statute of Connecticut provides that the stock shall be transferred only on the books of the corporation in such form as the directors shall prescribe. The by-laws adopted required certificates and transfers of stock to be signed by the president and treasurer. The statute also declares transfers of stock invalid against creditors, unless a certificate thereof be filed and recorded in the town clerk's office. Some of these formalities were not

observed. The original certificate issued to the defendant for 400 shares, with the written request to transfer 160 shares to Ripley, was delivered. The company issued to the defendant a certificate of 120 shares, unsold, of the 400; registered the 160 shares to Ripley, on the stock ledger, as transferred by the defendant, recorded a certificate of such transfer, signed by the secretary, in the town clerk's office, and treated Ripley as a stockholder for a year after the transfer. The transfer was not made in the transfer book, because, as the referee finds, the company had no such book, and the certificate recorded was not signed by the president and treasurer, but it is not disputed that it was done by the direction of the company. Assuming that this is a Connecticut contract, and that the *lex loci contractus* must prevail, the counsel for the plaintiff claims that, by the rules of law established by the courts of Connecticut, the title to the stock never passed to Ripley in consequence of the non-observance of some of the requirements above referred to.

Strictly, the unwritten law of Connecticut, if controlling, should have been proved as a fact; but as no point was made on this subject, the decisions referred to will be taken and construed as evidence of the law. It cannot be denied that some of the decisions in Connecticut are not in entire harmony with the rule as settled by the courts of this State. These decisions seem to hold that the title to stock in a corporation can only pass by transfer upon the books, in accordance with the requirements of the statute, and that such transfer is necessary " to originate a title ; " that a transfer, except in the mode prescribed, does not operate to pass the title as between the parties, and that creditors of the vendor may secure a prior lien by attachment to the rights of the vendor, under an unrecorded asssignment. (*Marlborough Manf. Co.* v. *Smith,* 2 Conn., 579 ; *Northrop* v. *Newtown & B. Turnpike Co.,* 3 id., 544 ; *Oxford Turnpike Co.* v. *Bunnel,* 6 id., 552.) *In Colt* v. *Ives* (31 Conn., 25), this rule is qualified by limiting it to the legal title only, the court

holding that an equitable title enforcible in courts of equity will pass by an unrecorded assignment.

HINMAN, Ch. J., in referring to the above cases, says: " These cases and others to the same effect, being actions at law, conversant only with what at the time was considered the strict legal title to corporate stock, have necessarily no controlling force in a case depending upon equitable instead of legal principles." I infer from the reasoning of the learned judge a tendency of the court to overrule the doctrine of the cases cited, but the decision expressly disclaims an intention to do so. In this State it is well settled that the delivery of the certificate with a power of attorney to transfer, passes the entire title, legal and equitable, in the shares as between the parties, and that the provisions referred to are for the protection of the corporation, in securing its interests in its relations and dealings with stockholders. (*Bank of Utica* v. *Smalley*, 2 Cow., 770 ; *Com. Bank of Buffalo* v. *Kortright*, 22 Wend., 362 ; *Gilbert* v. *Manchester Co.*, 11 Wend., 627 ; 34 N. Y., 80.) And in the recent case of *McNeil* v. *Tenth National Bank* (46 N. Y., 325), this court expressly reiterated the same rule. It is the principle adjudged in the Connecticut cases upon which the plaintiff founds his claim to sustain this action, but it is obvious, giving them the construction claimed, that they do not reach the case. It has never been held that a corporation can avail itself of its own negligence as a basis of a cause of action against a stockholder, nor that it is not competent to waive a performance of its own rules, nor that it may not be estopped by its own acts and official declarations, the same as natural persons. If it did not provide a transfer book or did not transfer the stock according to the prescribed forms, the fault was its own and not the defendant's. It could waive the observance of any other rules which it had adopted.

The company did waive them, and it is too late to assert their binding force. A person may waive provisions for his own benefit in a contract, or a law, and in some cases in the Constitution itself (3 N. Y., 197, 511), and such I infer is

the rule in Connecticut as well as in this State. (2 Conn., 252.)

It is the rule of the common law. I think, also, that the principle of estoppel applies. The company was requested to transfer the stock to Ripley, and by its acts and conduct it asserted that it had complied with the request, and the defendant acted upon it, and would be injured by allowing the company to deny it. He might have procured a proper transfer or sold it to some other person, or at least have availed himself of its influence in managing the affairs of the company. To induce the defendant to believe that the stock had been properly transferred, and treat Ripley as the owner, until the company failed, and then hold the defendant liable, on the ground that its own assertions and acts were false and irregular, would be contrary to law and justice. The plaintiff occupies no better position than the company. He took the claim by assignment, subject to every defence which could be made against it if the company had sued.

The judgment must be affirmed with costs.

All concur.

Judgment affirmed.