## VALE MILLS *v.* SPALDING.

The general rule being that a person whose name appears on the books of
a corporation as a shareholder is such, both as to the corporation and
the public, a corporation cannot ordinarily maintain an action for the
recovery of an assessment against a party whose name does not so appear.

When the records of a corporation show a certain person to be a share-
holder, and he acts as such with its knowledge and assent, the corpora-
tion is estopped to deny that he is a shareholder.

ASSUMPSIT, to recover $7,500, being the amount of an assess-
ment voted June 13, 1881, of $75 on each of one hundred shares of
stock in the plaintiff corporation, for the purpose of paying a debt
to one of its stockholders.    Facts found by the court.

October 21, 1875, the First National Bank of Nashua recovered
judgment against one Saunders, on which an execution was issued
and levied upon one hundred shares of stock in the Vale Mills,
then owned by Saunders and standing in his name upon the books
of the corporation.    After due notice, the shares were sold at pub-
lic auction to the defendant for $2 per share, and the officer caused
an attested copy of the execution and of his return thereon to be
filed with the clerk of the corporation as required by law, and
paid him for recording the same. Saunders was then and ever since
has been clerk and treasurer of the corporation.    No certificate of
the stock was ever called for by the defendant, nor was one issued
to him.    The books of the corporation make a part of the case.

*B. Wadleigh*, for the plaintiffs.

*C. H. Burns*, for the defendant.

BLODGETT, J.    An inspection of the plaintiffs' books shows
that the stock bid off by the defendant at the execution sale still
stands in the name of Saunders, and that for several years after
the sale he continued to vote upon the stock as the owner thereof,
with the presumed knowledge and assent of the plaintiffs.

The general rule is, that a person whose name appears on the
books of a corporation is a shareholder both as to the corporation
and the public (Thomp. Liab. St., *s.* 177), and so courts will not
ordinarily look beyond the registered shareholder, nor inquire
under what equities he holds.    *Ib., s.* 178.    This rule is manifestly
based on the most salutary considerations, and is intended not only
for the protection of the public, but also for the benefit of the cor-
poration ; and hence it is held, that as between the transferee of
stock and the corporation, unless the transfer is duly perfected
upon the corporation books, the transferee does not become a legal
stockholder, nor does the transferer divest himself of his liability

as a stockholder, either to the corporation or to its creditors. *Ib.,*
*s.* 217; *Beecher* v. *Wells Flouring Mills,* 1 M'Crary 62; *Stockwell* v.
*St. Louis Mercantile Co.,* 9 Mo. App. 133; *Mfg. Co.* v. *Smith,* 2
Conn. 579; *Wood* v. *Maitland,* 10 Phila. 84; *Helm* v. *Swiggett,* 12
Ind. 196; *Coleman* v. *Spencer,* 5 Blackf. 197. If the doctrine of
these authorities is correct, there can of course be no recovery
against this defendant by the plaintiffs.

But in the absence of authority the same conclusion follows.
Having by their records held out and represented Saunders as a
stockholder down to the present time, and having also permitted
him to act as such without apparent objection, the plaintiffs can-
not now be permitted to deny the truth of their representation,
impeach his title, and shoulder the burden of a heavy assessment
upon the defendant. On the contrary, they must take the respon-
sibilities of the situation in which they have voluntarily placed
themselves; and if they are now remediless to enforce an assess-
ment upon the stock in question for the payment of a debt to one
of the stockholders, it results solely from their and his gross laches,
from the consequences of which the law will not afford relief.

*Judgment for the defendant.*

CLARK, and CARPENTER, JJ., did not sit: the others concurred.