Ehrlich, J.
Appellant’s counsel in his brief stated truly that-thére is no fixed rule governing this class of motions. The reason is that section 999 of-the Code of Civil Procedure, *717 in express terms, entrusts to the discretion of the trial judge ■the matter of entertaining such motion, and, although an appeal may be taken from his determination, in which event the appeal must be heard upon a case made and settled in the usual manner, yet the appeal must be disposed of according to the rules of practice applicable to discretionary orders. In such cases the record is necessary only to enable the appellate court to determine that there was sufficient ground for the exercise of a sound legal discretion for any reason provided by statute. The order granting such motion does not affect any substantial or vested rights; it merely postpones the judgment, and requires a submission of the evidence to another jury.
Cases sometimes arise, where the verdict impresses upon the trial judge the conviction that the jury either has misunderstood or disregarded his instructions, and that a judgment entered upon the verdict would be a miscarriage of justice. In such case, it is the plain duty of the court to set aside the verdict and remand the cause for a new trial before another jury.
The record handed up to the appellate court may not always present in clear force the entire grounds which produced such conviction in the mind of the court below; therefore it must he always difficult, and often impossible, for us to put ourselves so completely in the place of the trial judge as to be able to certainly determine that in his place our discretion would have been exercised differently.
' However that may be, we understand that we are not called upon to attempt to substitute our discretion for that of the court below, nor to examine the record to discover-whether legal errors have been committed to the same extent as upon an appeal from a judgment, together with an appeal from an order denying such a motion, or upon exceptions ordered to be heard at the general term in the first instance, so that our determination would result in a judgment.
It is undoubtedly true mat this discretion of the trial court should be cautiously exercised (Algeo v. Duncan, 39 N. Y., 313, 316), and in case of abuse, the general term should furnish redress, but for the very reason that the discretion is a delicate one, we ought not to trammel it within the limits prescribed by statute, and the decisions interpreting the law and establishing the practice under it.
The court of last resort (Barrett v. Third Ave. R. R. Co., 45 N Y., 628, 632), has held that these motions “are not governed by any well defined rules, but depend in a great degree upon the peculiar circumstances of each case. They are addressed to the sound discretion of the court, and *718 whether they should be granted, or refused, involves the ihquiry whether substantial justice has been done—the court having in view solely the attainment of that end.”
In a later case (Hamilton v. Third Ave. R. R. Co., 53 N. Y., 25, 27), the same court declared that “the special term upon a motion, and the general term upon the appeal from its order, had the power, and it was the duty of each to examine and determine whether the verdict was against the weight of evidence and the justice of the case, and if of opinion that it was, to set it aside and order a new trial." See also, Smith v. Ætna Ins. Co., 49 N. Y., 216.
A review on appeal of an order denying such motion, is rarely or never attempted, except in connection with an appeal from the judgment, in which case the first named appeal brings up for review the question of the sufficiency of the evidence; but if such an appeal from an order denying a new trial should be taken, unaccompanied by an appeal from the judgment, we should apply the same rule that the order is a discretionary one, and that the only question before us would be whether or not the record discloses a case for the exercise of a legal discretion in support of the order appealed from.
_ Very little danger is to be apprehended that such discretion confided to the trial court will be abused in the direction of multiplying trials. A far greater danger would menace the administration of justice if such discretion were wholly wanting, and the verdict of every jury in every case must be wholly beyond the control of the trial court.
We have examined the record so far as to be satisfied that sufficient grounds appear for the exercise of a sound legal discretion in the granting of the order appealed from, and the same should be affirmed, with costs.
Hyatt and Hall, JJ., concur.