JOHN HOOD, RECEIVER OF THE FIDELITY TRUST AND SAFE DEPOSIT COMPANY, v. JOHN C. McNAUGHTON.

1. By the common law the stockholders of an incorporated company are liable to pay their subscriptions, if such payment be necessary, to discharge the debts of the company.

2. A distinction is drawn between one who holds his stock by transfer and an original subscriber. The former may, in the absence of any fraudulent purpose, discharge himself from liability for unpaid installments by due transfer of his shares, while the latter cannot obtain immunity in that way. The subscription to the stock and the acceptance of a certificate for the shares constitute a contract between the subscriber and the company by which the subscriber engages to pay the remaining installments on demand by the corporation. From this agreement the subscriber cannot recede without the consent of the company.

On rule to show cause.

Argued at February Term, 1892, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *David J. Pancoast.*

For the defendant, *Thomas B. Harned.*

The opinion of the court was delivered by

VAN SYCKEL, J. The defendant was an original subscriber to the capital stock of the Fidelity Trust and Safe Deposit Company for ten shares of the par value of $100 each, on which only ten per cent. of the subscription price has been paid.

The by-laws of the said company provide that " transfers of stock shall be made only on the books of the company. That no transfer shall be made until the certificate granted to the transferrer is delivered up to the company, and the possession of a certificate of stock shall not be regarded as vesting any ownership in the same in any other than the person in whose name it is issued, as between the company and such

owner, until the transfer be duly made on the books of the company as aforesaid."

On the 28th day of February, 1890, and after the defendant had paid ten per cent. on the said shares subscribed for by him, he sold the said shares and delivered his certificate therefor to the vendee, but the shares were not transferred on the books of the company, as required by the by-laws.

The said company subsequently became insolvent, and, upon proceedings duly taken in the Court of Chancery of this state, John Hood, the plaintiff, was appointed receiver thereof.

The receiver filed his petition in the Court of Chancery, giving the names of the subscribers to the stock and the amount still due to the company upon the shares subscribed for, and thereupon the Chancellor, on the 27th day of October, 1890, ordered and decreed that the said subscribers be severally required to pay to the receiver the full amount due to the company for their stock, and the said receiver was authorized and directed to collect. the same by suit if necessary.

The defendant having refused to pay upon demand made by the receiver, this suit was instituted, and, under the direction of the trial court, a verdict was rendered for the plaintiff for the amount claimed by him.

Section 5 of our Corporation act (*Rev.*, *p.* 178) provides that where the whole capital of a corporation shall not have been paid in, and the capital paid shall be insufficient to satisfy the claims of its creditors, each stockholder shall be bound to pay on each share held by him the sum necessary to complete such share, or such proportion of that sum as shall be required to satisfy the debts of the company.

Section 70 of the same act prescribes how proceedings shall be taken to declare corporations insolvent, and section 77 provides that the receiver, when appointed, shall be a trustee for the creditors and stockholders of the company, with full power to institute suits at law or in equity to recover the assets thereof.

These provisions are declaratory of the common law. By the common law the stockholders of an incorporated company are liable to pay their subscriptions, if such payment be necessary, to discharge the debts of the company. A court of equity has power to compel such payment.

The capital stock which has been paid in and which remains unpaid is regarded as a trust fund pledged for the payment of the debts of the corporation. *Spear* v. *Grant,* 16 *Mass.* 9; *Nathan* v. *Whitlock,* 9 *Paige* 152; *Ward* v. *Griswoldville Co.,* 16 *Conn.* 593; *Adler* v. *Milwaukee Co.,* 13 *Wis.* 57.

The insistment that it was unnecessary, and, therefore, illegal, to require the defendant to pay the full amount unpaid on his shares, in order to satisfy the debts of the company, cannot be entertained in this court. The decree of the Court of Chancery requires the payment of the entire amount, and the validity of that decree cannot be drawn in question in this suit, which is collateral to it. The receiver stands in the place of the stockholders as their representative, and all the rights of the company reside in him. The company before insolvency could have called the whole amount unpaid, and such a call could not, in the absence of fraud, have been questioned by the stockholders.

If there remains a surplus in the hands of the receiver after the debts are paid, he will distribute it to the shareholders equitably.

The real question in the case is, Whether the defendant had assigned his shares in such a way as to relieve him of responsibility?

In *Marlborough Co.* v. *Smith,* 2 *Conn.* 579, the incorporating act provided that the stock of the company should be transferable only on the books of the company, and it was held that such mode of transfer was necessary to absolve the subscriber from the payment of an assessment on his stock.

In the subsequent case of *Oxford Turnpike* v. *Bunnell,* 6 *Conn.* 552, the same rule as to the validity of a transfer of shares was applied, where the by-laws, and not the charter,

prescribed that the transfer should be made upon the books of the company.

In *Dane* v. *Young*, 61 *Me.* 160, the transfer not having been made in accordance with the requirement of the by-laws, the original subscriber was charged with liability for the debts of the company.

In Pennsylvania the capital stock of a corporation is regarded as a trust fund for the protection and benefit of creditors, and a subscriber cannot cast off his liability for corporate debts by the transfer of his stock to another. *Messersmith* v. *Sharon Bank*, 96 *Pa. St.* 440.

A distinction is drawn between one who holds his stock by transfer and an original subscriber. The former may, in the, absence of any fraudulent purpose, discharge himself from liability for unpaid installments by due transfer of his shares, while the latter cannot obtain immunity in that way.

The cases of *West Philadelphia Co.* v. *Innes*, 3 *Whart.* 197, and *Pittsburgh Co.* v. *Clark*, 29 *Penna.* 146, show that the decisions in that state are somewhat controlled by the provisions of the acts of incorporation.

Upon principle it seems that the result must be the same without regard to charter provisions.

The subscription to the stock and the acceptance of a certificate for the shares constitute a contract between the subscriber and the company, by which the subscriber engages to pay the remaining installment on demand by the corporation. From this agreement the subscriber cannot recede without the assent of the company. He may transfer his stock without consent of the company, and thereby vest in the purchaser his right to the shares, and as between himself and such purchaser cast upon the latter the obligation to pay him such installments as are called upon the stock, but the subscriber cannot thereby impair or affect the contract rights of the company. His liability to the company cannot thereby become extinguished.

In *Burke* v. *Smith*, 16 *Wall.* 395, Mr. Justice Strong recognizes the rule that the mere assignment of his shares by a subscriber does not relieve him from liability until the assignee

is accepted as a shareholder by the company and substituted in his place.

The New York statute provides that " no transfer of stock shall be valid for any purpose whatever except to render the person to whom it shall be transferred liable for the debts of the company according to the provision of said act, until it shall have been entered in the corporate stock book by an entry showing to and by whom transferred."

In *Shellington* v. *Howland*, 53 *N. Y.* 371, the New York Court of Appeals declared that a transfer of stock valid as between parties, but not consummated in the form required by said statute, by entry on the book of registry of stockholders, did not divest the transferrer of liability as a stockholder to the creditors of the corporation.

In this state a transfer of shares in an incorporated company, not made in accordance with the requirements of its charter, has been held to be valid so far as to pass the transferrer's title to the stock to his vendee, but in this case the stock was full paid and the rights of the company or its creditors as against the transferrer were in nowise involved. *Broadway Bank* v. *McElrath*, 2 *Beas.* 24.

In the case before us no circumstance is present to show that the company consented to an abrogation of its contract with the defendant, or to the substitution of his vendee as a shareholder. If the subscriber could without the consent of the company divest himself of his shares, and of his entire obligation as a stockholder, corporations might in all cases be deprived of their only available means of satisfying debts, by transfer to irresponsible persons.

A verdict in favor of the receiver was properly ordered, and the rule to show cause should be discharged.