Barkalow v. Totten.

JOHN S. BARKALOW, receiver of the Diamond Ice Company,

v.

JOHN O. TOTTEN et al.

1. The court of chancery has the right, in proceedings to wind up the affairs
of insolvent corporations, to direct the receiver to make a call upon subscribers
to pay up their unpaid subscriptions to the capital stock.

2. Where such call has been made by the receiver, his right of action against such subscribers is a legal right to be pursued in a court of law. *Hood, Receiver,* v. *McNaughton, 25 Vr. 425.*

3. An objection to the jurisdiction of the court of equity that the remedy at law was complete and raised by the answer will be sustained at the hearing.

On bill, answer, replication and proofs.

*Mr. John R. Beam* and *Mr. Francis Scott,* for the complainant.

*Mr. John W. Griggs, Mr. Michael Dunn* and *Mr. Frank E. Pellet,* for the defendants.

EMERY, V. C.

This is a bill filed by the receiver of an insolvent corporation, against fifteen stockholders, to recover the amount alleged to be due from them for their respective subscriptions to capital stock of the corporation.

The subscriptions had not been paid at the time the corporation was decreed to be insolvent, under the corporation laws, nor had any call or demand been made by the company for the payment of the subscriptions previous to the appointment of the receiver. On the application of the receiver in the insolvency suit, and on notice to each of the defendants, the chancellor, on January 29th, 1894, made an order authorizing the receiver to call the whole amount of the unpaid subscriptions, and to enforce payment of such unpaid subscriptions by suit, if necessary, against each of the delinquent stockholders. The order was made, however, expressly without prejudice to the rights of any of the defendants to any defence they might have to any action, legal or equitable, which might be brought against them on such alleged stock subscriptions. The receiver, after demand of payment from the defendants for the amount of their respective subscriptions, and their failure to pay, filed this bill against all of the defendants for the recovery of the amounts due from them respectively. Nine of the defendants have answered, six allowing decree *pro confesso.* Each defendant answering separately raises the objection that the complainant's remedy is at law and

also that the bill is multifarious in joining separate and distinct claims against other defendants with the claim against the defendant. The question whether there is a complete remedy at law is therefore preliminary, and the case does not come within the rule applied in some cases, that a court of equity may, in its discretion, retain a cause if the objection that the complainant has an adequate remedy at law is not made until the hearing. *Lehigh Zinc and Iron Co.* v. *Trotter, 16 Stew. Eq. 185, 204 (Errors and Appeals, 1887)*, and cases cited.

That the complainant has a right to an action at law to recover from each subscriber the amount of his subscription, is established by the late case of *Hood, Receiver*, v. *McNaughton, 25 Vr. 425 (Supreme Court, 1892)*.

This was an action at law by a receiver of an insolvent corporation proceeding under orders of the court of chancery, similar to those in this case, to collect unpaid subscriptions, and this decision governs the present case as to the existence of the remedy at law for claims of this character. Moreover, the remedy at law is precisely the same as the remedy now asked in this suit, viz., a money recovery for the total amount of unpaid subscriptions, nor is there any suggestion in the bill of any equitable facts which are relied on to change the forum of control of the claim from law to equity. The cases of *Wetherbee* v. *Baker, 8 Stew. Eq. 501 (Errors and Appeals, 1882)*, and *Williams* v. *Boice, 11 Stew. Eq. 364 (Chancellor Runyon, 1884)*, and *Bickley* v. *Schlag, 1 Dick. Ch. Rep. 533 (Errors and Appeals, 1890)*, which were relied on at the hearing to sustain the jurisdiction, are cases of a different character. *Wetherbee* v. *Baker* and *Bickley* v. *Schlag* are cases in which a judgment creditor of the corporation sought to enforce, for his sole benefit, the obligation imposed by section 5 of the Corporation law, which requires stockholders to pay in such proportion of the amount unpaid on their capital stock as may be required for the payment of the debts of the company. The court held in these cases that, under this section, the suit should be for the benefit of all the creditors and that an accounting in equity was necessary, and that to such accounting, not only the creditors but also the corporation and the stockholders were

necessary parties. But in *Hood* v. *McNaughton* it was expressly held that where the court of chancery had ordered the receiver to make a call for the whole amount of the subscription, its decree could not be called in question collaterally, nor would the court of law determine or inquire whether the whole amount was needed.

In *Williams* v. *Boice, supra,* the receiver filed a bill to reach funds in the hands of stockholders which were claimed to be unearned dividends. Such funds evidently could be reached only through the instrumentality of a court which had the power to impress a trust on the fund so received, and the decision as to the jurisdiction was put upon this precise ground. See opinion of Chancellor Runyon, *11 Stew. Eq. 367.*

In the present case, the right to recover the subscription is, from the nature of the subscription, a chose in action which is recoverable at law. The corporation, had it not gone into insolvency, certainly could not have filed a bill or bills against the delinquent stockholders, nor is any reason perceived why the receiver, in becoming the statutory assignee of the corporation's rights in this respect, can claim that the character of the claim is changed, purely in his favor, from a legal to an equitable one, or that he has a double remedy for recovery of the claim where the corporation itself had but one. A court of equity has the undoubted right, in winding up the affairs of the insolvent corporation, to authorize the receiver to make a call where the corporation has failed to do so. *Scoville* v. *Thayer, 105 U. S. 143, 155; Glen* v. *Marbury, 145 U. S. 499,* and cases cited; *Hood* v. *McNaughton, supra.*

But this authority to the receiver to act in the place and stead of the corporation in making the call, does not change the character of the stockholders' liability on the call from a legal to an equitable obligation. It leaves the stockholder subject to the same kind of action by the receiver that he would have been subject to in favor of the company, but to no other. I must therefore hold that each of the defendants has the right to have the validity of the receiver's claim for his subscription tried in the legal tribunal, and the bill must, as to the defendants who

have answered, be dismissed. In view of the fact that the defence was not raised by demurrer, I will hear counsel as to costs.