THE CUMBERLAND LUMBER COMPANY et al., complainants and respondents,

*v.*

THE CLINTON HILL LUMBER MANUFACTURING COMPANY, defendant.

GEORGE W. KETCHAM and WILLIAM S. KETCHAM, JR., stockholders of said defendant company, appellants.

[Filed March 6th, 1899.]

1. Where a corporation is insolvent and its business is ended, the subscribers for, or holders of, its unpaid stock are assessable for only so much of what is unpaid on the stock as will satisfy the claims of corporate creditors and meet the expenses of winding up its affairs.

2. An order for such an assessment may be made by the court of chancery in the suit wherein the corporation was adjudged to be insolvent, and when so made its propriety cannot be questioned in suits brought against the stockholders for its enforcement.

3. Such an order is the result of an exercise of judicial power, and therefore should be made only after a reasonable opportunity has been afforded to the stockholders to be heard on the matter.

4. On appeal to this court, matters which do not appear to have been adjudicated in the court below and which are not complained of in the petition of appeal, will not be considered.

On appeal by stockholders in the defendant corporation from an order advised by Vice-Chancellor Emery. (No opinion.)

*Mr. Frank E. Bradner*, for the appellants.

*Mr. James E. Howell*, for the respondents.

The opinion of the court was delivered by

DIXON, J.

On bill filed in the court of chancery by the Cumberland Lumber Company and others against the Clinton Hill Lumber Manufacturing Company, the latter corporation was on May 23d, 1895, adjudged to be insolvent and Thomas N. McCarter, Jr., was appointed its receiver, with the usual powers and duties under the act concerning corporations, approved April 7th, 1875.

On June 17th, 1895, the receiver presented to the court a petition, setting forth that two claims against the corporation had been proved before him, one by Strieby, Sprague & Company for $2,643.22, the other by the Cumberland Lumber Company for $715.79 ; that there were no funds or property in his possession with which to pay the same, and that there were no assets except the unpaid subscriptions for capital stock, of which William S. Ketcham had received forty shares, William S. Ketcham, Jr., had received forty shares and George W. Ketcham had received two shares, of the par value of $100. He therefore prayed that he might be allowed to levy an assessment upon each of the said subscribers for the full amount of their subscriptions, to pay the debts of the corporation and the expenses of the receivership.

The said three persons named as subscribers being ordered to answer the petition, did so by their joint and several answer filed June 22d, 1895. In their answer they allege various matters by way of defence, but on November 17th, 1895, the court, without replication and without proofs, ordered the receiver to assess, call and collect the whole amount of the unpaid subscriptions, the order being made without prejudice to the right of said persons to any defence which they may have to any action legal or equitable brought against them on such levied stock subscriptions. From this order the defendants below have appealed, the only ground of complaint mentioned in their petition of appeal being that the order directs an assessment on the stockholders for the whole amount of their subscriptions. The subject of that complaint seems to have been the only matter decided in the court below, and therefore that alone can properly be considered here. *Penn Mutual Life Insurance Co.* v. *Semple, 11 Stew. Eq. 575.*

We think this order is wrong, because it is not based upon any determination of the amount required to meet the purpose in view.

When the business of a corporation has been abandoned and the corporation is insolvent, subscribers for or holders of its stock, not paid for, have no further obligation with respect thereto than to pay so much of what is unpaid on the stock as will satisfy the claims of corporate creditors and meet the expenses of winding up its affairs. *Scovill* v. *Mayer, 105 U. S. 143, 156; Wetherbee* v. *Baker, 8 Stew. Eq. 501, 506; Hood* v. *McNaughton, 25 Vr. 425, 427; Gen. Stat. p. 910 § 5; P. L. of 1896 p. 284 § 21.*

The proper tribunal to ascertain the amount necessary for these purposes is a court of equity, since courts of law have no procedure adapted to the marshaling of assets and liabilities requisite in such a calculation. The ascertainment may be made on a petition filed by the receiver against the stockholders in the suit wherein the corporation was adjudged to be insolvent, for it seems to be settled that a stockholder is so far an integral part of the corporation that, in the view of the law, he is to that

Cumberland Lumber Co. *v.* Clinton Hill Lumber Mfg. Co.

extent privy to those proceedings; and when in such a suit an assessment on the stock has been ordered by the court to meet corporate liabilities, and an action is brought against a stockholder to collect his quota, he cannot there question the propriety of the assessment. *Hawkins* v. *Glenn, 105 U. S. 319; Hood* v. *McNaughton, 25 Vr. 425.*

In the former case it was also held that the lack of notice to the stockholder individually would not deprive the assessment of its conclusive character against him in the suit brought to enforce it. This, however, does not necessarily imply that 'a court of equity, when asked to order such an assessment, should not see that the individual stockholders have a reasonable opportunity to be heard on the application. On the contrary, these decisions indicate that the order is the result of an exercise of judicial power, and therefore that it should be made only in observance of those rules which are designed to insure the administration of justice.

Our conclusion is that it was the duty of the court below to determine judicially, before ordering an assessment, what proportion of the unpaid subscriptions would probably be needed to meet the liabilities, and to confine the levy accordingly.

The order appealed from should be reversed, and as the necessary data for a new order are not before us, the cause should be remitted to the court of chancery for further proceedings according to equity.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, VAN SYCKEL, DIXON, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, NIXON, HENDRICKSON, ADAMS, VREDENBURGH—12.

*For affirmance*—None.