### VIRGIL v. NEWMARK.

(City Court of New York, General Term. July 11, 1900.)

VERDICT AGAINST EVIDENCE.

 Where plaintiff sued for $681.31 claimed as the agreed value of music lessons given by her to defendant's daughter, and the evidence clearly showed that either plaintiff or defendant was entitled to judgment wholly in his favor, a verdict in favor of plaintiff for 6 cents is contrary to the evidence.

Appeal from trial term.

Action by Antha M. Virgil against Hyman Newmark for the agreed value of music lessons given by plaintiff to defendant's daughter. From a judgment in favor of plaintiff for 6 cents and an order denying her motion for a new trial, she appeals. Reversed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

Hobbs & Gifford, for appellant.

D. Newmark, for respondent.

HASCALL, J. If the appeal succeed, it must be because of manifest inadequacy of verdict, or as being against the evidence. There is no point made against the instruction and charge of the justice presiding at the trial, nor against rulings resulting in exceptions taken; but it is claimed by appellant that the jury went so far astray that, on the instant, the verdict ought to have been pronounced by the court to be ill founded. The verdict was, doubtless, the result of effort on the part of the jury conscientiously to adjust the differences between the parties. They manifestly considered and gave weight to the defendant's claim, at the same time upholding the charges of plaintiff. But the evidence does not sustain the finding made by the jury, and the award of 6 cents should not be allowed to stand; for, if plaintiff be entitled to recover at all, it must be upon the basis of disbelief of the first defense, and of casting out from consideration the second defense, set up in the answer. This latter matter is not in any wise averred as counterclaim. The jury evidently considered that the respondent almost established his defense. Clearly, the verdict should have been entirely in favor of defendant, if plaintiff's proofs were inadequate; or, upon their belief of failure of these defenses, wholly in plaintiff's favor for the amount claimed. As to our duty upon this appeal, the cases of Smith v. Insurance Co., 49 N. Y. 216, and Hatch v. Attrill, 118 N. Y. 389, 23 N. E. 549, exactly apply. The verdict was contrary to the evidence.

Judgment and order appealed from reversed, and new trial ordered, with costs to appellant to abide the event. All concur.