### KIRKPATRICK v. AMERICAN ALKALI CO.

(Circuit Court, D. New Jersey. February 21, 1905.)

1. CORPORATIONS—INSOLVENCY—UNPAID SUBSCRIPTIONS—ASSESSMENT.

On an application by the receiver of an insolvent corporation to make an assessment on unpaid stock subscriptions necessary to pay debts, the court is required to determine judicially what proportion of the unpaid subscriptions will probably be needed to meet the liabilities, the assessment ordered being confined to such amount.

2. SAME—DISPOSITION OF ASSETS.

Where, on an application by the receiver of an insolvent corporation for permission to levy an assessment on unpaid subscriptions necessary to pay debts, it appeared that no effort had been made to dispose of certain patents belonging to the corporation, for which it had paid $950,000, or of a claim of $50,000 against another, and also that the real owners of certain stock, held in the name of dummies, might be ascertained, and an assessment made on them, which might obviate the necessity of, or materially reduce the assessment required on other stock, the receiver's application was premature.

In Equity. On petition of receiver for authority to assess preferred stockholders.

Burr, Brown & Lloyd, for receiver.

Clement B. Wood and Charles E. Morgan, for respondents Robert E. Glendinning & Co. and others.

F. B. Bracken, H. E. Kohn, and James Buchanan, for respondent Charles Evans.

LANNING, District Judge. In this matter the receiver has filed his petition praying for an order authorizing him to make an assessment of $2.50 per share upon the holders of the preferred stock of the Ameri-

can Alkali Company for the purpose of supplementing the moneys in hand for the payment of the debts of the company and the expenses of the receivership. Upon the filing of the petition a rule was allowed requiring the holders of the preferred stock to show cause why the order prayed for should not be allowed. On the return of the rule, answers were filed by a number of the holders of preferred stock, wherein they raise various objections to the allowance of the order. One of the objections is that the application is premature, for the reason that there has yet been, and upon the facts as presented can be, no judicial ascertainment of the amount of the assessment that should be imposed. In Cumberland Lumber Co. v. Clinton Hill Lumber Manufacturing Co., 57 N. J. Eq. 628, 42 Atl. 585, the New Jersey Court of Errors and Appeals held that an order like that now applied for is the result of an exercise of judicial power, and that before granting it the court must determine judicially what proportion of the unpaid subscriptions will probably be needed to meet the liabilities of the insolvent company, and that the assessment must be confined to the amount so needed. In the case in hand it appears that the receiver some time since instituted a suit in equity in the Circuit Court for the Eastern District of Pennsylvania to compel the defendants in that suit to disclose the real owners of some of the preferred stock of the American Alkali Company alleged by the receiver to be standing on the books of the company in the names of irresponsible dummies. The Circuit Court sustained a demurrer to the bill, but on appeal to the Circuit Court of Appeals for the Third Circuit the decree of the Circuit Court in Arthur K. Brown, Surviving Receiver, etc., v. McDonald, 133 Fed. 897, has just been reversed, and the receiver held to be entitled upon his bill to the discovery prayed for. In the proceeding now before me the receiver, in his petition, assumes that he will be able to collect nothing upon the stock alleged to be held by dummies, who, he says, hold about one-third of the total issue of the preferred stock; and he therefore asks to have the amount of the assessment fixed at $2.50 per share. If the receiver, in the proceeding now pending in the Circuit Court for the Eastern District of Pennsylvania, shall discover that the holders of any considerable portion of the stock are mere dummies, and that the real owners of such stock are able to respond to an assessment made upon them, that assessment may, upon judicial inquiry, be found to be ample, if it be fixed at a sum considerably less than $2.50 per share.

Another objection is that it appears by the receiver's petition that he has not disposed of all of the assets in his hands, and that until such disposition be made it will be impossible to ascertain the extent of the deficiency of the corporate assets. The receiver admits that he has in hand certain patents belonging to the American Alkali Company, for which the company paid $950,000, and a claim against one W. W. Gibbs for $50,000. The receiver believes that these assets are at the present time of nominal value only, but the respondents insist that some effort should be made to dispose of them, either at public or private sale. No such effort has been made, so far as the record discloses. The American Alkali Company is a New Jersey corporation, and the liability of its stockholders for the payment of the company's debts is fixed by

section 21 of the general corporations act (P. L. N. J. 1896, p. 284), which is as follows:

"Where the whole capital of a corporation shall not have been paid in, and the capital paid shall be insufficient to satisfy its debts and obligations, each stockholder shall be bound to pay on each share held by him the sum necessary to complete the amount of such share as fixed by the charter of the corporation, or such proportion of that sum as shall be required to satisfy such debts and obligations."

In construing this section the Court of Errors and Appeals of New Jersey, in Weatherbee v. Baker, 35 N. J. Eq. 501, said:

"It is manifest from a consideration of the circumstances under which delinquent stockholders are liable to creditors for their unpaid subscriptions, and of the nature of the trust which is created, that in any proceeding to enforce the liability of stockholders under this section all the property and assets of the corporation must be taken into account, and that the proceeding must be for the benefit of all the creditors. The assets of the corporation and its total indebtedness must be brought into the account, for until they are ascertained neither the amount of money required to satisfy the creditors of the corporation nor the proportion of the sum required to be paid by each stockholder can be ascertained."

The receiver is acting in the interest of creditors. The stockholders who may be liable upon their stock subscriptions for the debts of the company are entitled to have the assets of the company disposed of and applied to the payment of those debts before being themselves called on to contribute anything toward such payment. The unpaid subscriptions to capital stock constitute a trust fund for the payment of the debts of the corporation, but that trust fund is not liable to drafts upon it, especially where the stockholders object, until after the property of the corporation shall have been disposed of. As was further said in Weatherbee v. Baker:

"Each stockholder is made liable on his unpaid subscription only for the proportion thereof which may be necessary for the payment of the debts of the corporation when the property of the corporation has proved insufficient for that purpose."

For the reasons above stated, the petition of the receiver must be denied. This conclusion renders it unnecessary to consider the other questions argued by counsel.