THE BLAKE CRUSHER COMPANY *vs.* THE TOWN OF NEW
HAVEN.

*W* was appointed in the state of New Jersey receiver of an insolvent corporation located there, which had on hand at the time a contract with two towns in this state to construct a bridge.   The receiver went on and built the bridge, under a parol agreement to that effect with the towns, using materials which he bought with the funds of the corporation which he held as receiver, and doing the work for the benefit of the creditors of the corporation.   After the bridge was completed, a Connecticut creditor, who knew all the facts, factorized one of the towns for a balance due for the construction of the bridge. The work had been done and the bills made out in the name of the corporation.   Held—

1. That the materials, wherever purchased, belonged to the receiver, and also the compensation for and profits upon the work

2. That it did not affect the case that the work was done in the name of the corporation and the bills made out in its name.

3. That it did not affect the case that the contract with the corporation provided that it should not be sub-let or assigned without the written consent of the committee of the towns.

4. That *W* could not be regarded as performing the contract as agent of the corporation.

5. That the town was not estopped from denying that it was indebted to the corporation by reason of the declaration of the agent of the town to the plaintiffs to that effect, as the plaintiffs, knowing all the facts, could not have been misled by the declaration.

SCIRE FACIAS, upon a process of foreign attachment; brought to the Court of Common Pleas of New Haven County, and tried to the court upon the general issue before *Harrison, J.* Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

*H. T. Blake*, for the plaintiffs.

*S. L. Bronson*, for the defendants.

CARPENTER, J. Watts Cooke was appointed by the courts of New Jersey receiver of the Watson Manufacturing Company, a corporation located and doing business in that state, and as such was authorized to administer the estate of the corporation for the benefit of its creditors. With funds received by him as receiver he purchased iron for the construction of a bridge for the towns of New Haven and Orange, and brought the same into this state. He also bought other materials in this state and elsewhere, employed workmen, and constructed the bridge under and in pursuance of a contract previously entered into between the towns of the one part and the Watson Manufacturing Company of the other part. All this was done with funds which he held as receiver, and for the benefit of the creditors of the corporation. A small sum being due from the town of New Haven for the construction of the bridge, it was attached as a debt due to the Watson Manufacturing Company. The work was done, and the bills for the same were made, in the name of

the company; but it is found that all the facts of the case were known to the plaintiffs and to the town of New Haven at the time of the service of the garnishee process. The facts are found and the case is reserved for the advice of this court.

The iron which was used in the construction of the bridge was attached by these plaintiffs as the property of the corporation, and receipted by Cooke and others. In an action on the receipt this court held that the title to the iron was in the receiver and not in the corporation. The correctness of that decision is not now questioned; but an attempt is made to distinguish this case from that. In principle we think there is no distinction. Logically that case determines the main question in this. If iron purchased in New Jersey belonged to the receiver, plank and other materials purchased in Connecticut and New York, with the same funds and for the same purpose, belonged to him also. So also compensation for labor, employed and paid for by him in like manner, belonged to him. If the material and labor were his, the profits were his. Had there been a loss that also would have been sustained by him and not by the corporation.

It matters not that the work was done in the name of the company, or that the bills were made out nominally in their favor. They were a party to the transaction only in name, having no interest whatever in it, the whole beneficial interest being in the receiver. And that fact was well known to the parties in this action at the time the suit was commenced.

Nor is it material that the contract provided that it should not be sub-let or assigned without the written consent of the committee of the towns. The contract was in fact performed by the receiver with the knowledge and consent of the towns; and payment therefore belongs not to the nominal party but to the party performing.

Nor is there any ground for saying that Cooke performed the contract as agent for the company. The contrary clearly appears. He did it as receiver and with funds which he held in trust for the creditors.

If Cooke had purchased the property and business of the

corporation, and as their successor had performed this contract in every respect precisely as he did as receiver, it would not have been claimed that the payments from the town were due to the corporation. The two cases are closely analogous and the principle applicable to them precisely the same.

The cases which hold that an assignee under the insolvent laws of another state acquires no title to the property of the insolvent situated in this state, are not in point. The insolvent—the Watson Manufacturing Company—never owned the property which is in controversy here. The title vested in the receiver by purchase from other parties.

The doctrine of estoppel has no application to this case. The admission of the agent of the town, before the factorizing suit was brought, that the defendants were indebted to the company, was probably intended only as an admission that the work was done in their name, and that the amount was nominally due to them. But however this may be, the explicit finding that all the facts of this case were known to the plaintiffs when the garnishee process was served, shows conclusively that they were not misled by the admission, and effectually disposes of this claim.

We advise judgment for the defendants.

In this opinion the other judges concurred.