HUNT *& a. v.* COGGIN.

In an action upon *c.* 91, Laws of 1887, the plaintiff must show that a purpose to annoy him was the defendant's controlling motive in maintaining the structure.

CASE, upon *c.* 91, Laws of 1887, for maintaining a structure in the nature of a fence unnecessarily exceeding five feet in height, for the purpose of annoying the plaintiffs, owners of adjoining property.

The structure complained of was about twenty-five feet long and eleven feet high, and was erected eight or ten years ago. The plaintiffs complained that it injured them by excluding the light and air and obstructing the view from the windows of their building, and was maintained by the defendant for the purpose of annoying and injuring them. The defendant claimed that it was maintained and used as a signboard for his furniture store, and as a support against which to pile furniture as it was unloaded, and that it was useful and necessary for that purpose.

The court instructed the jury that the plaintiffs, to maintain the action, must show that the fence was unnecessarily maintained at a height exceeding five feet for the purpose of annoying the plaintiffs. "A person has the right to use his premises reasonably for any lawful purpose, though it may occasion inconvenience to his neighbor. The fact that the fence or structure occasioned annoyance to the plaintiffs did not of itself make the defendant liable. It must have been maintained for the purpose of annoying the plaintiffs, and not because it was necessary or useful to the defendant. It is a question of motive. If the defendant maintained the fence for no other purpose than annoying the plaintiffs, it was a nuisance, and he is liable. If it was maintained for his own benefit, he is not liable. If he would not have maintained the fence except to annoy the plaintiffs, the fence was a nuisance. If you find that it was maintained solely for the purpose of annoying the plaintiffs, your verdict will be guilty. If you find that the purpose to annoy was not the controlling motive without which the fence would not have been maintained, then your verdict will be not guilty." The plaintiffs excepted to the instructions. The jury returned a verdict for the defendant, which the plaintiffs moved to set aside.

*Henry B. Atherton,* for the plaintiffs.

*G. B. French* and *C. W. Hoitt,* for the defendant.

BINGHAM, J. Case on *c.* 91, Laws of 1887. The structure complained of was about twenty feet long, eleven feet high, and was erected some ten years ago. The plaintiffs complained that it

excluded the light and air and obstructed their view, and was maintained by the defendant for the purpose of annoying them. The defendant claimed that he maintained the structure as a signboard for his furniture store and as a support against which to pile his furniture, and that it was useful to him in these ways.

The court charged in substance that the defendant was liable if he was actuated by two motives, one of annoyance and the other of utility, if the former was the controlling one. The charge was sufficiently favorable to the plaintiffs. Whether the defendant was entitled to a more favorable charge is a question that does not arise in this case. *Watertown* v. *Mayo,* 109 Mass. 319; *Rideout* v. *Knox,* 148 Mass. 368, 373; *Smith* v. *Morse, id.* 407.

*Exceptions overruled.*

CLARK, J., did not sit; the others concurred.