THE FIRST NATIONAL BANK OF ROCKVILLE *vs.* JOHN T.
WALKER AND OTHERS.

Hartford Dist., Oct. T., 1891.    ANDREWS, C. J., CARPENTER, SEY-
MOUR, TORRANCE and FENN, Js.

*A*, residing in this state, a creditor of *B*, who resided in the state of New
York, brought an action against *B* in this state, and garnished *D*, resid-
ing in this state, as a debtor of *B*, and the writ was not otherwise served.
Before the attachment *B* had, by a common law conveyance, good in
the state of New York, assigned his claim on *D* to *E*, for the benefit of
his creditors ; and *D* had received notice of the assignment.  Held that
the title to the debt passed to the assignee as against *A*, and that *A*
took nothing by the attachment of the debt in *D's* hands.
The case was not affected by the fact that *A* was a Connecticut creditor.

[Argued October 7th—decided October 26th, 1891.]

ACTION on two promissory notes indorsed by the defend-
ants; brought to the Superior Court in Tolland County.
The defendants resided in the state of New York, and no
other service of the writ was made than by the garnishment
of a debtor of the defendants residing in this state.  The
plaintiff was located in this state.  The court, (*F. B. Hall,
J.,*) sustained a plea to the jurisdiction and the plaintiff ap-
pealed to this court.  The case is fully stated in the opinion.

*G. G. Sill*, for the appellant.

*J. P. Andrews* and *G. B. Fowler*, for the appellees.

FENN, J.   This is a suit, by a resident plaintiff, against
defendants residing in the state of New York, commenced by
process of foreign attachment.   The defendants appeared
only for the purpose of pleading to the jurisdiction.   The
Superior Court sustained the plea and dismissed the cause.
The plaintiff appealed.

It appears that, before the suit was brought, the debt due
from the garnishee to the defendants had been assigned by

the defendants, in a general voluntary assignment at common law for the benefit of creditors, of which the garnishee had received due notice; and the sole question relates to the effect of such assignment.

It is conceded, and it is manifest, that this case differs from that of *Egbert* v. *Baker*, 58 Conn., 319, only in the fact that there the attaching creditors were non-residents.

It appears to be the claim of the plaintiff that effect was given by this court to the assignment, in the case cited, by reason of the principle of comity, which recognized a foreign law, only since such recognition did not involve any deprivation of a resident creditor's rights. This contention is erroneous, for while it is true that this court has held that the mere courtesy or comity by which assignees, who derive their authority from the law of a foreign jurisdiction, may be allowed to maintain actions in our courts, should not be extended to defeat the rights of attaching creditors, no distinction has been made between such creditors, citizens of the United States, as were, or were not, citizens of this state. On the contrary, such distinction has been expressly denied. *Upton* v. *Hubbard*, 28 Conn., 275; *Paine* v. *Lester*, 44 Conn., 196. Indeed, it is significant that the following quotation from the opinion in the latter case, given in the plaintiff's brief—" This comity they are prepared to extend when there is no reason to the contrary, especially if there is no interest of their own citizens to be injuriously affected by such recognition," reads in the text from which extracted, (44 Conn., 203,) thus—" This comity they are prepared to extend when there is no reason to the contrary, especially if there is no interest of their own citizens, *or of the citizens of a sister state who are seeking to avail themselves of the protection of their laws*, to be injuriously affected by such recognition." So that, had the decision in *Egbert* v. *Baker* at all depended upon comity, the right of the attaching creditor, residing in a sister state, would have been regarded equally with that of a citizen of our own state.

But in *Egbert* v. *Baker* no question of comity arose. As the court says, (p. 325,) it was "not a case for the applica-

tion of that principle." It was decided upon the general principles that a contract good in the place where made is good everywhere, that the debt had no *situs*, and that, for the purpose of assignment by the creditor, it followed the residence of the creditor. The contract made did not therefore deprive any resident creditor of any rights, for no such rights existed. " The contract affects neither citizens of this state nor property in the state." In *Clark* v. *Conn. Peat Co.*, 35 Conn., 303, this court said, in speaking of a debt attached in this state which was owed to creditors in Massachusetts, but which had previously been assigned in that state to parties residing there,—"When a legal title is once vested by a sale valid in the place where made, its validity should be recognized everywhere." This case is cited in the opinion of the court in *Pond* v. *Cooke*, 45 Conn., 131, which, as well as the following and related cases of *Blake Crusher Co.* v. *Town of New Haven*, 46 Conn., 473, and *Cooke* v. *Town of Orange*, 48 Conn., 401, clearly illustrates the distinction between such cases as *Paine* v. *Lester* and *Egbert* v. *Baker*, a distinction which, as the court says in the latter, is "substantial and real."

The assignment having operated to transfer the debt, there was nothing due to the defendants from the garnishee at the time of service, and for that reason the plea to the jurisdiction was properly sustained.

There is no error in the judgment complained of.

In this opinion the other judges concurred.