HORACE STODDARD, as Assignee of the SOLDIERS' WORLD'S FAIR HOTEL ASSOCIATION, for the Benefit of its Creditors, Appellant, *v.* CHAUNCEY H. LUM et al., Respondents.

CORPORATIONS — ENFORCEMENT HERE OF STOCKHOLDERS' CONTRACTUAL LIABILITY BY FOREIGN ASSIGNEE OF FOREIGN CORPORATION. A general assignee of an insolvent corporation of another state, appointed in that state under laws thereof permitting a corporation to make a general assignment for the benefit of its creditors and empowering the assignee to maintain any action which the corporation could have maintained, can maintain in the courts of this state an action in equity against all original stockholders residing here, to enforce their common-law contractual liability to pay the subscription price of their stock, by compelling them to contribute their *pro rata* shares of the indebtedness of the corporation, after its assets have been exhausted, to the extent of the amounts remaining unpaid upon their stock.

*Stoddard* v. *Lum*, 32 App. Div. 565, reversed.

(Submitted April 18, 1899; decided June 6, 1899.)

34

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 16, 1898, reversing an interlocutory judgment of the Special Term overruling a demurrer to the amended complaint.

The substance of the complaint and the grounds of the demurrer are set forth in the opinion.

The questions certified for review are as follows:

" 1. Does it appear upon the face of the amended complaint that the Supreme Court has not jurisdiction of this action?

" 2. Does the amended complaint state facts sufficient to constitute a cause of action?

" 3. Does it appear upon the face of the amended complaint that the plaintiff has not legal capacity to sue for the reasons set forth in the third ground of demurrer?"

The third ground of demurrer was as follows: " That it appears upon the face of the said amended complaint that the plaintiff has no legal capacity to sue because it appears by said amended complaint that the plaintiff is a foreign assignee of a foreign corporation organized by the laws of the state of Illinois, and deriving his power and appointment from under the laws of the state of Illinois; and that the statutes of the state of Illinois provide a special and peculiar remedy in the courts of that state for the enforcement of all the liabilities alleged against these defendants in said amended complaint, and that by the laws of said state it is provided that such an action can be maintained only by a receiver of such corporation, who must be a resident of said state of Illinois, and shall have given bonds payable to the People of the state of Illinois, for the use of the parties interested in such penalty and with such securities as the court may in the decree or order appointing the same require, and that such action can be maintained by such receiver only as provided by the laws of the state of Illinois."

*W. C. Ramsdale* for appellant. The plaintiff has legal capacity to sue in the courts of this state. ( *Warren* v. *F. Nat. Bank,* 149 Ill. 29; *Franzen* v. *Zimmer,* 90 Hun, 103;

*Vanderpoel* v. *Gorman*, 140 N. Y., 563; 3 Thomp. on Corp. §§ 3549, 3552; *Dayton* v. *Borst*, 7 Bosw. 115; *Patterson* v. *Lynde*, 112 Ill. 206; *Pugh* v. *Hurtt*, 52 How. Pr. 22; *S. Assn.* v. *O'Brien*, 51 Hun, 45; *Baldwin* v. *Hosmer*, 101 Mich. 119; *T. G. T. Co.* v. *C., B. & Q. R. R. Co.*, 123 N. Y. 37.) The Illinois statute does not prescribe an exclusive, special and peculiar remedy which can be availed of only in that state. (*Ferguson* v. *Sherman*, 116 Cal. 169; *Curran* v. *Bradner*, 27 Ill. App. 582; *Roberts* v. *Noeninger*, 20 Ill. App. 227; *Nat. Bank* v. *Dillingham*, 147 N. Y. 603; *Marshall* v. *Sherman*, 148 N. Y. 9; *H. Nat. Bank* v. *Ellis*, 42 L. R. A. 396; 3 Thomp. on Corp. §§ 3047, 3566; *Russell* v. *P. R. Co.*, 113 Cal. 258.) The courts of this state ought to entertain such an action as this in which complete and substantial justice can be done to all, and no injustice will be done to any. (*Marshall* v. *Sherman*, 148 N. Y. 9; *Griffith* v. *Mangam*, 10 J. & S. 369; *G. W. T. Co.* v. *Purdy*, 162 U. S. 339; *M. F. Ins. Co.* v. *P. F. Co.*, 34 L. R. A. 694; *Lehman* v. *Glenn*, 87 Ala. 618; *Hawkins* v. *Glenn*, 131 U. S. 319.)

*Signor & Wage* and *Pitts & Sherwood* for respondents. The laws of Illinois provide a special and peculiar remedy which can be enforced only in that state. (*Barnes* v. *Wheaton*, 80 Hun, 8; *Russell* v. *P. R. R. Co.*, 113 Cal. 258; *Peace* v. *Union*, 1 Brad. [Ill.] 287; *Marshall* v. *Sherman*, 148 N. Y. 9; *Christensen* v. *Eno*, 106 N. Y. 97; *Patterson* v. *Lynde*, 112 Ill. 196; *Ferguson* v. *Sherman*, 116 Cal. 169.) The construction placed on this statute by the courts of Illinois will be followed. (*Jessup* v. *Carnegie*, 80 N. Y. 441; *Sav. Assn.* v. *O'Brien*, 51 Hun, 45.) The courts of the state of Illinois have held that creditors in that state can pursue their remedy against the corporation only under sections 8 and 25 of the statute under consideration. (*Curran* v. *Bradner*, 27 Ill. App. 582.) A right of action against the stockholders of a corporation does not exist at common law, and ordinarily exists only by virtue of some statutory enactment. (*Marshall*

v. *Sherman*, 148 N. Y. 9 ; *Patterson* v. *Lynde*, 112 Ill. 205.)
The construction claimed by respondents under the Illinois
statute does not leave the creditors without a remedy. (*Hawkins* v. *Glenn*, 131 U. S. 319 ; *Glen* v. *Leggett*, 135 U. S. 533.)

BARTLETT, J.   This action is brought by the plaintiff, as the
general assignee for the benefit of creditors of the Soldiers'
World's Fair Hotel Association, a corporation organized
under the laws of the state of Illinois, with a capital stock of
$200,000, divided into two thousand shares of one hundred
dollars each.

The following facts, among others, appear in the complaint :
The corporation became financially involved early in its history, and on the 5th day of May, 1893, executed to the plaintiff a general assignment for the benefit of creditors.

At the September, 1893, term of the Cook County Court,
having jurisdiction of general assignment matters, it was found
that the corporation was indebted in the total sum of
$9,973.19 ; that the amount realized from the tangible assets
was only $795.19, and that the assets of the corporation had
been exhausted ; that the stockholders were still indebted in
the sum of $36,407.15 on their stock ; that it was necessary
that each stockholder should be required to pay his *pro rata*
share of the debts and liabilities.

It was then averred that these findings of the court were in
fact true.   The court, by order, directed the plaintiff, as
assignee, to bring suit in behalf of all the creditors of the
corporation against all the stockholders who had not yet paid
the entire face of the stock.

It is further alleged that plaintiff, in compliance with this
order, brought an action in the Superior Court of Cook county
against the stockholders for the purpose mentioned ; that up
to the time of filing this complaint the suit in Illinois had
realized only $1,759.54, and that the necessary disbursements
left a balance of $326.50 ; that at the time the decree was
entered in the Illinois suit the liabilities of the corporation
amounted to $11,670.21, and that it was necessary to recover

this sum from the stockholders in order to pay the debts of the company; that only two stockholders in the state of Illinois proved to be solvent, and that from them only $1,039.18 was collected; that there is still unpaid to the creditors of the corporation the sum of $10,432.70.

The complaint then sets forth the names of some fifteen or more stockholders residing in the state of New York and made defendants in this action.

It is further averred that some of the New York stockholders are solvent and some are not, but which of them are or which are not, is unknown to plaintiff; that all of the stockholders residing outside of the states of Illinois and New York are insolvent.

It is also alleged that plaintiff made a report to the Cook County Court, and upon the same the court ordered that he institute a suit in the state of New York against the stockholders of the corporation residing there, to recover the amount justly due from them; that the plaintiff represents one hundred and fifteen of the creditors of the corporation, and this suit is brought on their behalf.

It is then alleged that in the suit in the Superior Court of Cook county, the execution of one creditor on a judgment against the corporation was returned wholly unsatisfied before the institution of that action; that the corporation has ceased doing business, being insolvent; that under the laws of the state of Illinois, a domestic corporation of that state may make a general assignment for the benefit of its creditors, and that the assignee thereunder may maintain any suit or action that the insolvent debtor making the assignment could have maintained if such assignment had not been made.

There is annexed to the complaint a schedule marked "C" which contains portions of the statutes of the state of Illinois, dealing with the liabilities of stockholders of corporations organized under the laws of that state.

It is asked in the prayer for relief that the court determine the amount of the liabilities of each defendant resident in the state of New York, by reason of the premises, and prays the

appointment of a receiver in this state to aid him in the carrying out of the decree of the court.

The complaint was demurred to on three grounds; that it appears upon the face of the complaint the court has no jurisdiction of the subject-matter of the action ; that the complaint does not state facts sufficient to constitute a cause of action ; that plaintiff has no legal capacity to sue.

The demurrer was overruled at Special Term, the trial judge holding that the action was well brought.

The Appellate Division reversed this interlocutory judgment with a divided court, two of the learned justices dissenting.

The point presented by the demurrer is a very narrow one, and is in substance this : That an action against these stockholders to recover a balance due on their subscriptions, or such *pro rata* share of it as is necessary to pay the indebtedness of the company, can only be maintained in the state of Illinois, where the corporation is located, as the laws of Illinois provide a special and peculiar remedy which can be enforced only in that state.

Chapter thirty-two of the Revised Statutes of the state of Illinois contains the provisions involved in this controversy

Section eight, among other things, enacts that each " stockholder shall be liable for the debts of the corporation to the extent of the amount that may be unpaid upon the stock held by him, to be collected in the manner herein provided. * * * Whenever any action is brought to recover any indebtedness against a corporation, it shall be competent to proceed against any one or more stockholders at the same time, to the extent of the balance unpaid by such stockholders upon the stock owned by them respectively, whether called in or not, as in cases of garnishment."

This is clearly an exclusive remedy available only in the state of Illinois.

We then come to section twenty-five of this chapter, which is to be read in connection with the fact that a corporation may make a general assignment for the benefit of its creditors in the state of Illinois.

This section provides, among other things, that if a corporation "shall dissolve or cease doing business leaving debts unpaid, suits in equity may be brought against all persons who were stockholders at the time, or liable in any way for the debts of the corporation, by joining the corporation in such suit, and each stockholder may be required to pay his *pro rata* share of such debts or liabilities to the extent of the unpaid portion of his stock after exhausting the assets of such corporation. And if any stockholder shall not have property enough to satisfy his portion of such debts or liabilities, then the amount shall be divided equally among all the remaining solvent stockholders."

The balance of section twenty-five provides for the winding up of a corporation by a court of equity and the appointment of a receiver, etc. This portion of the statute is not involved in the present action.

It will thus be seen that the plaintiff in the case at bar, clothed with the ample powers of a general assignee for the benefit of creditors, is duly authorized by the first portion of this section to proceed against stockholders and all persons liable in any way for the debts of the corporation in the interest of the creditors, the corporation having ceased to do business and leaving debts unpaid.

This provision of the statute evidently authorizes the general assignee to bring an omnibus suit in the state of Illinois in the interest of creditors against stockholders and others in any way liable to contribute to the payment of the corporate debts. The statutory limitation of recovery against a stockholder to his *pro rata* share of the debts, if it be less than the amount unpaid upon his stock subscription, is merely stating the rule in equity when marshalling the assets.

If a stockholder of an insolvent corporation owed a balance on his stock subscription of five thousand dollars, and it was made to appear that three thousand dollars was his *pro rata* share of the indebtedness, judgment could only go against him for the latter amount.

The liability now sought to be enforced does not rest upon

the provisions of the statute cited, but is wholly contractual and has for its foundation the principles of the common law.

We do not approve the position of appellant as set forth in the complaint and his brief, that he depends to any extent upon the Illinois statute cited in order to maintain this action.

The provisions of section twenty-five of the Illinois statute, above quoted, may be regarded, so far as this action is concerned, as enacting the existing rule of the common law as to the right of a creditor, or his representative, in case of insolvency, to enforce outstanding contracts, and also as putting into statutory form those equitable principles applicable to a stockholder whose unpaid subscription exceeds the *pro rata* amount due from him in paying the debts of the corporation.

The fact that the corporation and its general assignee for the benefit of its creditors are the creatures of the statute does not qualify the rule as stated. A corporation is a legal entity with the unlimited right to sue and be sued within the lines of its charter powers.

An examination of the principles underlying this action and those cases that are supposed to condemn it will lead to a clearer apprehension of the present situation.

The demurrer to the complaint admits that these defendants, residents of this state, are original subscribers to the stock of this Illinois corporation and that they are still indebted for balance due on the subscription.

This is a contract liability pure and simple and one that the corporation, if solvent, could have enforced in the courts of this state. This cause of action, in the event of corporate insolvency, vests in the general assignee for the benefit of creditors, or in a receiver duly appointed.

It has been held that a right of action to enforce a personal liability of the stockholder for the debts of a corporation, given and created only by the statutes of the state of the corporation's domicile, is not enforceable in another state where the stockholder resides, upon any obligation of comity; but it has frequently been adjudged that the contract obligation assumed by subscribing to the stock of a corporation can be

thus enforced. (*Dayton* v. *Borst*, 31 N. Y. 435, and cases cited.)

Subscribers to the stock of a corporation incur a debt which may be enforced by any common-law or equitable remedy. (*Mann* v. *Cooke*, 20 Conn. 178.) The capital stock of a corporation is a fund set apart for the payment of its debts. It is a substitute for the personal liability which subsists in private copartnerships. The creditors have a lien upon it in equity. Unpaid stock is as much a part of this pledge and as much a part of the assets of the company as the cash which has been paid in upon it. (*Sanger* v. *Upton, Assignee*, 91 U. S. 56.)

At pages 60–61 of case last cited the United States Supreme Court says, in speaking of unpaid stock subscriptions : " Creditors have the same right to look to it as to anything else, and the same right to insist upon its payment as upon the payment of any other debt due to the company. As regards creditors, there is no distinction between such a demand and any other asset which may form a part of the property and effects of the corporation." (Citing many cases.)

It would speak ill for state comity if a citizen of New York could go to Illinois and in good faith subscribe to the capital stock of a corporation and later repudiate his obligation to pay a balance due on the subscription and yet not be liable to an action at law or a suit in equity in our own courts in the name of the corporation to compel·him to perform his contract.

Fortunately for state comity and commercial integrity no such rule of law exists, and a creditor whose rights rest in contract may pursue his debtor into the courts of the latter's domicile.

Several cases are cited as holding that this action is not maintainable, but they are all clearly distinguishable.

In *Marshall* v. *Sherman* (148 N. Y. 9) a creditor of a Kansas banking corporation brought an action at law against a single stockholder, residing in this state, to enforce a liability of defendant to plaintiff created by the Constitution and statutes of Kansas, which imposed upon the stockholder a

liability for the debts of the company, in addition to his unpaid subscription, in an amount equal to the stock owned by him. Judge O'Brien, in an exhaustive opinion, dealt with this general question, expressing the unanimous opinion of the court that the liability sought to be enforced was statutory and not contractual and could only be enforced in the domicile of the corporation.

It was also intimated that if the action was maintainable under any circumstances it could not be instituted at law by a single creditor against a single stockholder, but the proper remedy would be a suit in equity on behalf of all the creditors against all the stockholders.

In *Barnes* v. *Wheaton* (80 Hun, 8), in which Mr. Justice Martin, now a member of this court, wrote a carefully considered opinion, there is nothing that militates against the maintenance of this action. That action was brought by the plaintiff for the benefit of himself and the creditors of an Ohio corporation to ascertain the *pro rata* share of the indebtedness of the corporation for which the defendant was severally liable and judgment was prayed for the amount.

The defendant's liability was not contractual, but imposed by the Constitution of Ohio, which provided that a stockholder should be liable over and above the stock owned by him, and any amount unpaid thereon, in a further sum, at least equal in amount to such stock.

It was held that this liability could only be enforced in the courts of Ohio in an action conforming to the provisions of the statute enacted to carry out the constitutional provision creating it.

In *Cleveland, L. & W. Ry. Co.* v. *Kent* (87 Hun, 329) the action was brought by the creditor of a corporation to enforce against two New York stockholders the constitutional and statutory liability existing in the state of Ohio as pointed out above in *Barnes* v. *Wheaton* (80 Hun, 8).

The complaint was dismissed upon demurrer and the judgment affirmed on appeal.

Returning to the case at bar we have, in brief, this situa-

tion presented under the demurrer to the complaint : This action is brought on behalf of all the creditors of the corporation, who number one hundred and fifteen or more, and is against all the original stockholders in this state, they being the only ones now liable, as all stockholders residing in states other than Illinois and New York are insolvent; the legal remedy has been exhausted against the Illinois stockholders except that a portion of the amount due from one defendant may be collected; that some of the New York stockholders are solvent and some are not, but which of them are, and which are not, is unknown to the plaintiff; that the present indebtedness of the corporation after crediting all amounts collected from stockholders has been ascertained in the Illinois proceedings; that under the law of Illinois a domestic corporation may make an assignment for the benefit of its creditors, and the assignee thereunder may maintain any suit or action that the insolvent company making the assignment could have maintained if such assignment had not been made.

The sole question to be determined by us at this time is whether this action can be maintained, and we are not concerned with the practical difficulties that plaintiff may encounter in establishing to the satisfaction of the trial court the just *pro rata* share of the defendant stockholders in the payment of the indebtedness of this insolvent corporation.

We are of opinion that this action is clearly maintainable upon principle and on authority.

A subscription to the stock of a corporation creates a debt enforceable at law, or in equity, by the corporation, or its legal representative. (*Sagory* v. *Dubois*, 3 Sand. Ch. 466; *Mann, Recr., etc.,* v. *Pentz*, 2 Sand. Ch. 257; *Herkimer, etc., Co.* v. *Small*, 2 Hill, 127 ; *Troy Turnpike & R. R. Co.* v. *McChesney*, 21 Wend. 296; *Mann* v. *Cooke*, 20 Conn. 178; *Hartford & New Haven R. R. Co.* v. *Kennedy*, 12 Conn. 499; *Hartford & New Haven R. R. Co.* v. *Boorman*, 12 Conn. 530; *Ward* v. *Griswoldville Mfg. Co.*, 16 Conn. 593.)

The receivers and assignees of individuals and corporations domiciled in another state are permitted under interstate

comity to enforce the contracts of such individuals and corporations in the state of the debtor's residence.

In *Dayton* v. *Borst* (31 N. Y. 435) this court held the capital stock of a New Jersey bank a trust fund for the security of its creditors and permitted the receiver of the bank, appointed in New Jersey, to recover of a New York defendant the amount remaining unpaid of his subscription to the capital stock.

In *Petersen* v. *Chemical Bank* (32 N. Y. 21) it was held that the assignee of a foreign executor may maintain an action in the courts of this state upon a chose transferred to the assignee by the executor; also that the title of the foreign executor to the assets of the estate is perfect though conferred by the law of the domicile. Judge DENIO says at page 43 : "Foreign corporations may become parties to contracts in this state, and may sue or be sued in our courts on contracts made here or within the jurisdiction which created them."

In *Toronto General Trust Co., as Trustee,* v. *C., B. & Q. R. R. Co.* (123 N. Y. 37) it was held that a foreign testamentary trustee, having title to the trust estate, may recover any portion thereof that has been converted, or damages for the conversion, without having the will admitted to probate here. Judge EARL pointed out that the trustee stood on his legal title and his position was to be distinguished from that of foreign executors or administrators who cannot sue here for reasons of public policy, as the courts will not aid them in the removal of the assets from this state to the possible prejudice of domestic creditors.

In the very recent case of *Mabon, as Recr., etc.,* v. *Ongley Electric Company* (156 N. Y. 196) this court held, Judge VANN writing the opinion, that while a foreign receiver of a foreign corporation cannot maintain an action in this state against the corporation as sole defendant for the sole purpose of procuring the appointment in this state of an ancillary receiver, that notes and accounts may be collected by the usual proceedings in our courts, which regard a foreign receiver as representing the original owner, and open their

doors to him as they do to a domestic receiver. The learned judge cites, at page 201, *Barth* v. *Backus* (140 N. Y. 230), *Vanderpoel* v. *Gorman* (140 N. Y. 563), and many other cases sustaining the point now considered.

In *Mann* v. *Cooke* (20 Conn. 178) a New York receiver of an insolvent corporation was permitted to sue in Connecticut for balance due on a stock subscription.

In *Cooke* v. *Town of Orange* (48 Conn. 401) the receiver of an insolvent New Jersey corporation was allowed to complete the contract of a manufacturing corporation he represented with the town defendant and afterwards to sue for work and materials in the courts of Connecticut ; also to attack the garnishee process sued out by the creditors of the local defendant. (*Pond* v. *Cooke*, 45 Conn. 126 ; *Blake Crusher Co.* v. *Town of New Haven*, 46 Conn. 473.)

The case at bar is not to be distinguished in principle from the authorities cited.

The plaintiff, as the general assignee for the benefit of creditors of an insolvent corporation, is vested with the legal title of all its property and the power to reduce its assets to possession, and his title is perfect, though conferred by the law of the domicile. (*Petersen* v. *Chemical Bank*, 32 N. Y. 21.)

If, as in *Dayton* v. *Borst* (31 N. Y. 435), the receiver of a bank in New Jersey was allowed to come into our court and recover the amount remaining unpaid of a stock subscription, why should not this plaintiff, as a general assignee, be permitted to institute a similar action ? Can it be said that there is any legal distinction to be drawn between a receiver created by the order of a foreign court and a general assignee created by a foreign legislature? The plaintiff does not come here seeking to remove assets from this state to the possible prejudice of domestic creditors, but asks that he be permitted to enforce against our own citizens the performance of contracts into which they have entered in another jurisdiction.

Public policy and state comity both require that this request should be granted.

The judgment appealed from should be reversed, that of Special Term affirmed, with costs, and the questions certified answered as follows: The first question is answered in the negative; the second question is answered in the affirmative; the third question is answered in the negative.

All concur, except Gray and Martin, JJ., not voting.

Judgment reversed, etc.