## In re REMINGTON AUTOMOBILE & MOTOR CO.

(District Court, N. D. New York. December 26, 1902.)

1. CORPORATIONS—LIABILITY OF STOCKHOLDERS—ENFORCEMENT—INJUNCTION.

Creditors of an insolvent New Jersey corporation, who claim to have causes of action against certain stockholders by virtue of Laws N. J. 1896, c. 185, §§ 21, 48, 49, which, if the insolvency had not intervened, could only have been enforced by a creditors' bill after a judgment at law had been obtained against the corporation, execution issued, and returned unsatisfied, ought not to be restrained from prosecuting their claims against the corporation to judgment after proceedings in bankruptcy begun, but before adjudication, it being uncertain whether the trustee in bankruptcy, when appointed, could enforce the liability of the stockholders until the creditors had reduced their claims to judgments; but proceedings on the judgments will be enjoined, and only one proceeding allowed for the benefit of all, with the trustee a party thereto.

This is a motion to make permanent an injunction granted herein on the 19th day of November, 1902, and through which it is sought to restrain the creditors of the above-named corporation from commencing or prosecuting any action against said corporation, or entering any judgment against same. The alleged bankrupt is a corporation organized under the laws of the state of New Jersey, but has property and has been doing business in the state of New York.

Geo. E. Dennison, for petitioning creditors.

J. H. Grant, C. G. Irish, and John F. Nash, for certain creditors.

¶ 1. Stockholder's liability to creditors in equity, see notes to Rickerson Roller-Mill Co. v. Farrell Foundry & M. Co., 23 C. C. A. 315; Scott v. Latimer, 33 C. C. A. 23.

RAY, District Judge. The general corporation law of the state of New Jersey, being chapter 185, Laws 1896, by sections 48 and 49 provides as follows:

"Nothing but money shall be considered as payment of any part of the capital stock of any corporation organized under this act, except as hereinafter provided in case of the purchase of property, and no loan of money shall be made to a stockholder or officer thereof; and if any such loan be made the officers who make it, or assent thereto, shall be jointly and severally liable, to the extent of such loan and interest, for all the debts of the corporation until the repayment of the sum so loaned."

"Any corporation formed under this act may purchase mines, manufactories or other property necessary for its business, or the stock of any company or companies owning, mining, manufacturing or producing materials, or other property necessary for its business, and issue stock to the amount of the value thereof in payment therefor, and the stock so issued shall be full-paid stock and not liable to any further call, neither shall the holder thereof be liable for any further payment under any of the provisions of this act; and in the absence of actual fraud in the transaction, the judgment of the directors as to the value of the property purchased shall be conclusive; and in all statements and reports of the corporation to be published or filed this stock shall not be stated or reported as being issued for cash paid to the corporation, but shall be reported in this respect according to the fact."

Section 21 of such act provides as follows:

"Where the whole capital of a corporation shall not have been paid in, and the capital paid shall be insufficient to satisfy its debts and obligations, each stockholder shall be bound to pay on each share held by him the sum necessary to complete the amount of such share, as fixed by the charter of the corporation, or such proportion of that sum as shall be required to satisfy such debts and obligations."

The creditors claim that sections 48 and 49 have been violated, and that they have causes of action arising thereunder and under section 21 of the act against certain stockholders, which can be enforced only after judgment and the return of executions unsatisfied. The brief of the counsel for the petitioning creditors says the claim is "that property tangible and intangible (i. e., supposed good will or a business name) was bought at a fictitious price, and stock issued for it, which by some contrivance went into the treasury of the company, and was sold by the company to the stockholders sought to be sued for much less than par." He then denies that causes of action are given by any statute, conceding the facts stated, and further alleges that, if any such rights of action exist, the same are in the company, and will pass to and may be enforced by the trustee or trustees of the alleged bankrupt, when appointed, for the benefit of all the creditors, and that, therefore, the creditors should not be permitted to prosecute their actions to judgment as a basis for enforcing the alleged liability of the officers who have violated the sections quoted.

Section 68 of the act provides:

"Property, franchises, etc., of insolvent corporation vests in receiver upon appointment.—All of the real and personal property of an insolvent corporation, wheresoever situated, and all its franchises, rights, privileges and effects shall, upon the appointment of a receiver, forthwith vest in him, and the corporation shall be divested of the title thereto."

From the papers before it, this court understands the claim of the creditors to be: (1) That the whole capital was not paid in, be-

cause of noncompliance with sections 48 and 49, above quoted; (2) that the capital paid in is insufficient to satisfy the debts and obligations of the corporation; and therefore (3) each stockholder is bound to pay on each share held by him the sum necessary to complete the amount of such share as fixed by the charter of the corporation, or such proportion of that sum as shall be required to satisfy such debts and obligations. If this be true (assuming that insolvency had not intervened), a creditor may file a bill to enforce the liability created by the violation of the statute. But he can do this only after he has exhausted his remedies at law by judgment issue of execution and its return unsatisfied. And he must sue in behalf of all the creditors of the corporation, and not for himself alone. The corporation must be made a party; and all the property and assets of the corporation must be brought into the suit, and put in course of administration. The proceedings are in the nature of an equitable accounting. Bickley v. Schlag, 46 N. J. Eq. 533, 20 Atl. 250; Wetherbee v. Baker, 35 N. J. Eq. 507. When shares of stock were issued at a very excessive valuation, the transaction was held to be dishonest, and it was held that the shares were not fully paid. Hebberd v. Cattle Co., 55 N. J. Eq. 18, 36 Atl. 122. Some of the creditors of this alleged bankrupt corporation are now seeking to put their respective claims in judgment, issue execution, and thus place themselves in a position to bring an action in equity of the nature and for the purpose mentioned. If this preliminary action be necessary when bankruptcy has intervened, the injunction should not be made permanent or continued; for, if such a liability exists, and it can be enforced only by a creditor with judgment and execution returned unsatisfied, or by the trustee, when appointed, after a creditor or creditors have put themselves in this position, then to grant or make permanent this injunction will be to deprive the creditors of their rights. Is this liability an asset of the corporation, and, if so, will it pass to the trustee when appointed, and may he enforce it for the benefit of all? Will the proof of the insolvency of the corporation and the adjudication of its bankruptcy, followed by the proof in due course of the claims of creditors, be a substitute for judgment against the corporation and execution returned unsatisfied? If so, then action by creditors against the stockholders of the corporation may be unnecessary. But suppose the trustees, when appointed, should refuse to bring the action, must the creditors lose their rights to proceed against the stockholders which they might should they be denied the right to put their claims against the corporation into judgment? Under this statute the courts of New Jersey hold that when the corporation is insolvent, and its business is ended, the subscribers for or holders of its unpaid stock are assessable for only so much of what is unpaid on the stock as will satisfy the claims of corporate creditors and meet the expenses of winding up its affairs. An order for such an assessment may be made by the court of chancery in the suit wherein the corporation was adjudged to be insolvent, and, when so made, its propriety cannot be questioned in suits brought against the stockholders for its enforcement. Cumberland Lumber Co. v. Clinton Hill Lumber Mfg. Co., 57 N. J. Eq. 627, 42 Atl. 585. See,

also, Barkalow v. Totten, 53 N. J. Eq. 573, 32 Atl. 2; Hood v. McNaughton, 54 N. J. Law, 425, 24 Atl. 497. The liability of the stockholders of this corporation, if any, under section 21 of the act, is contractual, one assumed by subscribing to the stock, and not a mere personal liability of the stockholder for the debts of the corporation created only by the statute of the state of the corporation's domicile. It is, therefore, enforceable in the state of New York. Stoddard v. Lum, 159 N. Y. 265–272, 53 N. E. 1108, 45 L. R. A. 551, 70 Am. St. Rep. 541; Dayton v. Borst, 31 N. Y. 435; Cochran v. Wiechers, 119 N. Y. 399, 23 N. E. 803, 7 L. R. A. 553; Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263, 27 L. Ed. 966; Richmond v. Irons, 121 U. S. 27, 7 Sup. Ct. 788, 30 L. Ed. 864; Sanger v. Upton, 91 U. S. 60, 23 L. Ed. 220. In Sanger v. Upton, 91 U. S. 56, 23 L. Ed. 220, it was held that an assignee in bankruptcy (old law) might recover of the stockholders of an insolvent corporation adjudged a bankrupt the amount of their unpaid subscriptions; and the bankruptcy court made an order that the amount unpaid on the capital stock of the corporation should be paid to the assignee on or before a certain day, and in default thereof that the assignee proceed to collect the same. Notice to the stockholders of such order was given, and then suit was brought by the assignee, and it was held that the court had power to make the order, and that the action could be maintained. The supreme court of the United States has held:

"The amount of the unpaid subscriptions to the stock of the corporation is a trust fund for the payment of its debts. It is a substitute for the personal liability which subsists in private copartnerships. When debts are incurred, a contract arises with the creditors that it shall not be withdrawn or applied otherwise than upon their demands until such demands are satisfied. The creditors have a lien upon it in equity. If diverted, they may follow it as far as it can be traced, and subject it to the payment of their claims, except as against holders who have taken it bona fide for a valuable consideration, and without notice. It is publicly pledged to those who deal with the corporation for their security. Unpaid stock is as much a part of this pledge, and as much a part of the assets of the company, as the cash which has been paid in upon it. Creditors have the same right to look to it as to anything else, and the same right to insist upon its payment as upon the payment of any other debt due to the company. As regards creditors, there is no distinction between such a demand and any other asset which may form a part of the property and effects of the corporation." Sanger v. Upton, 91 U. S. 60, 61, 23 L. Ed. 220. See cases there cited.

The New Jersey statute may limit the liability of the stockholders, but it does not destroy it, or change its nature, which is contractual. It seems plain that when the adjudication is made in this case, and a trustee is appointed, the court may direct him to proceed against the stockholders, and enforce any liability for nonpaid subscriptions to the stock of this corporation. He will be subject to the order of the court. But it does not follow, and is by no means clear, that this may be done until the creditors have established their claims by reducing them to judgments. In Bank v. Francklyn, 120 U. S. 747, 7 Sup. Ct. 757, 30 L. Ed. 825, it is held:

"When the statutes of the state which creates a corporation, making the stockholders liable for the corporate debts, provide a special remedy, the liability of a stockholder can be enforced in no other manner in a court of the United States."

It was accordingly held that a "creditor of a Rhode Island corporation cannot bring an action at law against the executor of a stockholder in the circuit court of the United States in New York without having obtained a judgment against the corporation, even if the corporation has been adjudged bankrupt." In Shellington v. Howland, 53 N. Y. 371, the creditor seeking to reduce his claim against the corporation (adjudged a bankrupt) to judgment was restrained from the prosecution of his action by the United States court. The New York statute provided that a creditor of the corporation seeking to enforce a liability for his claim against a stockholder first must have reduced it to judgment, and followed this by the return of an execution unsatisfied. Held that, whatever judicial proceedings were required by the statute as a condition precedent to defendant's liability, the taking of such proceedings having been rendered impossible by the paramount law of the United States, put in operation by him (the stockholder), a compliance with the condition was excused. There are cases both ways on the question whether, when the corporation has been adjudged a bankrupt, and a dissolution has in this way been brought about, the remedy against the corporation need not be first exhausted. See 1 Cook, Stock, Stockh. & Corp. Law, § 200, page 251, and cases cited note 2. See opinion Stoddard v. Lum, 159 N. Y. 272–273, 53 N. E. 1108, 45 L. R. A. 551, 70 Am. St. Rep. 541, and consult Tube Works Co. v. Ballou, 146 U. S. 317, 13 Sup. Ct. 165, 36 L. Ed. 1070. So long as uncertainty exists as to the effect of enjoining these creditors from prosecuting their claims against this corporation to judgment, the wise course is to permit the creditors to bring their actions and prosecute them to judgment; otherwise the creditors may be deprived of a valuable part of the assets of the corporation. All proceedings on such judgments will be enjoined, however, and, if a creditor's action to recover the unpaid subscriptions is found necessary, only one will be permitted, as that must be brought for the benefit of all, and the trustee will be a party, and the rights of all protected.

The adjudication in bankruptcy and appointment of a trustee (in whom all the property of the corporation is then vested) will be a substitute for execution returned unsatisfied. So ordered.