———O———

## No. 4697.

### Court of Appeal, Parish of Orleans.

### H. W. ROBINSON ET AL. VS. WM. G. TEBAULT.

1. The Codal provisions, that where debts exist it cannot be divided without the consent of the debtor, is intended to avoid multiplicity of suits, and does not apply in a case where the members of a former firm take legal proceedings in their individual capacity to recover a claim acquired by said firm before dissolution.

2. They being all party plaintiffs in the same suit in which the aggregate of the claim and their respective propositions is named, they are

concluded by the judgment, and the debtor (defendant) has no cause for complaint.

Appeal from Civil District Court, Division "C."

H. Carter, Jr., for Plaintiff and Appellee.

P. H. Mentz, for Defendant and Appellant.

DUFOUR, J. Plaintiffs sued to recover of the defendant four hundred and sixty-three dollars and fifty-two cents ($463.52) for professional services rendered the latter.

Plaintiffs aver that being lawyers and practicing law under the firm name of Stafford, Lambert and Robinson, they were at various dates during the year 1908 employed by the defendant to examine titles, pass notarial acts, file suits and do other work in their professional capacity, amounting in all for services and disbursements, for costs, certificates, taxes and expenses, to the sum of one thousand seven hundred and twenty-nine dollars and thirty-three cents ($1,729.33), and that of this they have received from the defendant the sum of one thousand two hundred and sixty-five dollars and eighty-one cents ($1,265.81), leaving a balance due to them of four hundred and sixty-three dollars and fifty-two cents ($463.52).

Plaintiffs claim this amount in the proportion of one-third to H. W. Robinson, and two-thirds to Stafford and Lambert, successors of the firm of Stafford, Lambert and Robinson.

Defendant interposed in the court a quo a plea of no cause of action and of no right of action. His exceptions having been over-ruled, he filed a general denial.

There was judgment in the District Court as prayed for, decreeing in favor of H. W. Robinson for one hundred and fifty-four dollars and fifty cents ($154.50), or one-third of the aggregate claimed and in favor of Stafford & Lambert, and from this judgment defendant prosecutes this appeal.

In this court defendant again pressed his exception of no cause of action and no right of action, amplifying it by the following formal recital: "That the petition shows that the aggregate sum sued for by both plaintiffs was originally due to a single natural person, and that it was divided between the two plaintiffs; that no consent by the defendant to this division is averred, and none is shown by the testimony adduced. He prays for the dismissal of plaintiff's suit."

The judgment appealed from insofar as it decrees against defendant in the sum of four hundred and sixty-thre dollars. and fifty cents ($463.50), is not contested, and counsel for defendant having stated at the bar of this court that as his peremptory exception was not sustained he had no further defense, there remains to be considered only the issues presented in the exception.

We have examined the authorities cited by plaintiffs, but we have been unable to find any application in them to the case at bar.

Taking up as a basis for the discussion of the point made by defendant the proposition ''where a debt exists it cannot be divided without the consent of the debtor,'' the first thought which crosses th mind is, what is the purpose and intent of the provision?

In our opinion the answer is not difficult.

On the one hand it is intended to avoid confusion in the affairs of the debtor in this, that he should not be taken by sur-. prise, and accordingly, should know or consent to an assignment or transfer of his debt, otherwise, he would be at a loss to know when his debt was concluded.

Secondly, it is evidently the intent of the statute to avoid multiplicity of suits.

Has the defendant any cause to object on either of these grounds? We think not.

The claim against defendant was due prior to the dissolution of the firm of Stafford, Lambert & Robinson, and they now sue, not as assignees, but as original owners, and all appear and are before the court.

A judgment for the aggregate claimed, divided as they have elected, concludes them, and defendant is not hurt.

By their action in indicating the proportion in which they are to share in the aggregate, defendant cannot complain that the division of debt has caused him to be harrassed by a multiplicity of suits. But let us see if the situation is not exceptional when the parties (creditors) were former partners.

We are referred by counsel for plaintiffs to a discussion on the subject of partners in the Encyclopedia of Pleadings and Practice, Vol. 15, p. 878, where the law is stated as follows:

''The dissolution of a firm does not, except in the case of

dissolution by bankruptcy, change the rights and liabilities of the partners as to third persons, and, accordingly all the rules as to partners, already discussed, are fully applicable, and partners must sue and be sued after the dissolution precisely as before the dissolution."

In Helm vs. Edward and James O'Rourke, 46 An. 178, the Court said:

"The prayer is for judgment for said sum of twenty thousand dollars ($20,000.00) against the commercial firm of Edward and James O'Rourke, and James O'Rourke, individually and in solido, and for the same amount jointly against the heirs of Edward O'Rourke, deceased."

The defendants were all cited and were before the Court.

To this petition exceptions were filed, first, that at the time of the service of the petition and citation the firm had been dissolved, and that the defendant, James O'Rourke, had no authority to answer for said firm, and that he could not be cited with another party, but that citation and petition should be served on him separately. The defendants, if liable, were bound in solido. They were all cited. All parties in interest were therefore before the Court. And it is this principle as we view the matter, that seems to find sanction, not only in our jurisdiction, but in that of other States as well. The only purpose of the rule inhibiting the division of the debt without the consent of the debtor is, as we have already stated, to avoid confusion as well as multiplicity of suits.

Under the head of Partnerships, Cyc. Vol. 30, p. 679, says: "Accounts of Partners":

"If these are brought to enforce claims acquired by the former firm before dissolution, they may, and should be brought by all partners, unless one or more of them have become the exclusive owners, and the action is brought in a jurisdiction where the assignee of a claim may sue in his own name, or unless there are peculiar circumstances which give rise to an individual cause of action in favor of the plaintiff partner."

This principle is sustained by decisions of our Supreme Court: Terrell vs. Flower, 6th Martin 673, and Estlin vs. Ryder, 20 A. 250.

The judgment appealed from is not error and must be affirmed.

April 7, 1909.

Rehearing refused May 3, 1909.

Writ refused by Supreme Court June 8, 1909.